Valerio LLANES d/b/a Llanes
House Moving, Appellant,

v.

Connie DAVILA, Appellee.

No. 13–02–129–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 16, 2003.

Rehearing Overruled March 6, 2003.

William C. Boyd, Patterson, Boyd & Lowery, Houston, for appellant.

Jerry R. McKenney, Legge, Farrow, Kimmitt, McGrath & Brown, Houston, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and AMIDEI.[1]

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Valerio Llanes d/b/a Llanes House Moving, plaintiff below, appeals a $15,000 verdict rendered for Connie Davila, defendant home-owner, in a bench trial in a breach of contract case. We affirm the judgment of the trial court.

### Factual and Procedural Background

Appellant filed suit against appellee Connie Davila to recover damages for breach of a contract to move her home. According to appellant, Davila agreed to pay $6,850 to have her home moved.[2] Davila made a $3,000 down payment, but refused to pay the remainder on the completion of the move.

Davila and husband, Luis Davila, brought a counterclaim against appellant for damages to the house sustained in the move. According to Davila, appellant damaged the roof, plumbing, foundation, and siding. Further, Davila had to hire additional contractors to complete the move.

Following a bench trial, the court entered a take-nothing judgment for appellant and a judgment in favor of appellees for $7,200 in damages, $7,500 in attorney's fees, $1,200 for expenses, plus prejudgment and postjudgment interest and costs. The trial court entered findings of fact and conclusions of law in support of its judgment.

On appeal, Llanes raises twenty points of error: eight issues complain about testimony from expert James Drake on grounds that he was not identified as a testifying expert and he was not qualified to serve as a testifying expert; five issues complain about the legal and factual sufficiency of the evidence to support an award of damages given that Drake should not have been allowed to testify regarding damages; and seven issues complain about the award of attorney's fees on grounds that the award was not supported by the pleadings, the sufficiency of the evidence, and satisfaction of conditions precedent.

### Testimony of James Drake

■ Appellant's first thirteen issues concern the trial court's admission of expert testimony regarding appellees' damages.[3] Appellant specifically contends that the trial court erred in permitting James Drake to testify as an expert on appellees' damages because: (1) there is no evidence that Drake had been properly identified as an expert on appellees' damages; (2) the undisputed evidence was that Drake had not been properly identified as an expert on appellees' damages; (3) Drake had not been qualified as an expert witness on damages pursuant to Texas Rule of Civil Procedure 193.6 (failing to timely respond to written discovery); (4) there is no evidence that appellees complied with Texas Rule of Civil Procedure 194.2(f) (requests for disclosure pertaining to testifying expert); (5) there was insufficient evidence to support appellees' compliance with rules 193.6 and 194.2(f); and (6) the trial court erred in refusing to grant appellant's motion to exclude Drake's testimony. Similarly, appel-

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. Davila contends that the agreed amount for the work was $6,000.

3. The foregoing is a summary of appellant's issues given that some are duplicative.

lant contends that the trial court erred in granting judgment in favor of appellees because (1) there is no evidence to support an award of damages to defendants, and (2) the award of damages is against the greater weight and preponderance of the admissible evidence. Fundamentally, appellant complains that appellees' designation of Drake failed to provide sufficient notification to appellant of Drake's intent and ability and expertise to testify regarding repairs to appellees' house.

■ The "trial court has broad discretion to determine admissibility" of expert testimony and that the appellate court should "reverse only if there is an abuse of that discretion." *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 499 (Tex.2001); *see also Keeton v. Carrasco,* 53 S.W.3d 13, 25 (Tex.App.-San Antonio 2001, pet. denied). An abuse of discretion occurs only when a trial court's decision is "arbitrary, unreasonable, and without reference to guiding rules and principles." *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997).

A survey of the record in the instant case shows that appellant propounded requests for disclosure on appellees. In response to a request for disclosure, a party is required to provide a retained testifying expert's name, address and telephone number; the subject matter on which the expert will testify; the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them. *See* Tex.R. Civ. P. 192.4(f)(1–3). Further, a party is required to provide all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, as well as the expert's current resume and bibliography. *See* Tex.R. Civ. P. 194.2(f)(4).

Appellees initially responded to the requests for disclosure on August 21, 2001, then filed a supplemental response on Au-

gust 30, 2001. In the supplemental responses, appellees expressly identified Drake as a testifying expert with the following description:

> House moving expert. Will testify regarding proper methods and industry standards pertaining to movement of houses and other structures. Will further provide analysis and opinions relative to the work performed by Llanes House Moving in the project forming the basis of this action. Subject matter will include but will not be limited to assessment, planning, loading, stabilizing, shifting, and repairing houses in connection with house moving projects.

Appellees produced Drake's field notes and photographs to appellant during the course of discovery. According to the trial court's findings of fact, appellant did not depose Drake, nor did he request a report containing Drake's opinions. Appellees' responses to the requests for disclosure also specified several categories of damage for which they sought recovery, including repairs to the house in the amount of $15,450 and repairs to the roof of $4,200. Trial in the instant matter did not begin until February 4, 2002, more than six months after Drake was identified as a testifying expert and more than ten months after the appellees filed their original counterclaim seeking damages.

The trial court made several findings of fact and conclusions of law pertaining to the appellees' designation of Drake, his qualifications, and his testimony at trial. The trial court's findings and conclusions support the admission of Drake's testimony.

Under rule 193.6(a) of the rules of civil procedure,

> A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that

was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

A. there was good cause for the failure to timely make, amend, or supplement the discovery response; or

B. the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or prejudice the other parties.

Tex.R. Civ. P. 193.6(a); *see Vingcard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 856–59 (Tex.App.-Fort Worth 2001, pet. denied) (holding that the trial court did not abuse its discretion in excluding an expert from testifying where there was an inadequate disclosure regarding the expert designation and no showing of good cause, lack of surprise, or lack of prejudice); *Best Ind. Unif. Supply Co. v. Gulf Coast Alloy Welding, Inc.*, 41 S.W.3d 145, 146–49 (Tex.App.-Amarillo 2000, pet. denied) (holding that the trial court abused its discretion in excluding an expert from testifying where there was good cause shown and no evidence or argument as to lack of surprise or prejudice).

Appellees' responses to the requests for disclosure fail to include some of the information required by rule 192.4 of the rules of civil procedure. Specifically, the responses lack information regarding the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them. *See* Tex.R. Civ. P. 192.4(f)(1–3). However, based on the record, the trial court did not abuse its discretion in allowing Drake to testify. The record is devoid of any evidence indicating that appellant was unfairly surprised or prejudiced by appellees' responses to the requests for disclosure. Appellees filed a counterclaim against appellant specifically seeking damages for the repairs. Appellees' responses to requests for disclosure expressly identified

Drake and specified that he would be testifying regarding repair of the house, and further itemized repair expenses in the amounts of $15,450 and $4,200. At trial, Drake testified to repair expenses in an amount ranging from $7,100 to $7,300, which was less than the amount specified in appellees' discovery responses, and the jury awarded appellees $7,200. Given these facts and the trial court's findings, the trial court did not abuse its discretion in allowing Drake to testify.

■ Although appellant frames several of his issues as attacks on Drake's "qualifications," his argument and authorities concern the timeliness and adequacy of Drake's designation as an expert witness rather than Drake's qualifications to provide expert testimony. We have already addressed this issue, and need not discuss it further. However, even if we were to reach this issue, we would conclude that Drake was qualified to offer expert testimony in the proceeding below. *See* Tex.R. Evid. 702; *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex.2001) ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of opinion or otherwise.").

■ When an expert's qualifications have been challenged, "deciding if an expert is qualified" requires the trial court to "ensure that those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." *Id.* (quoting *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 719 (Tex.1998); *Broders v. Heise*, 924 S.W.2d 148, 152 (Tex.1996)); *see also Hall v. Huff*, 957 S.W.2d 90, 99–101 (Tex.App.-Texarkana 1997, writ denied).

According to the trial testimony, Drake has been a professional home mover for more than forty years, and is the current president of the Houston House Movers Association, a founding director and past president of the International House Movers Association, and a founding director and past president of the Texas House Movers Association. As part of his family business, he buys, remodels, and sells buildings to be moved. Drake testified that he performs extensive repairs on homes and that part of his work includes the assessment of and evaluation of houses for purposes of repair. Drake testified, without objection, that part of his work involves estimating the repair costs for those houses. We conclude that Drake was qualified to provide expert testimony in this matter. *See Gammill,* 972 S.W.2d at 719. We overrule appellant's first thirteen issues.

### Attorney's Fees

Appellant raises seven issues attacking the trial court's award of attorney's fees to appellees. In issues fourteen through twenty, appellant specifically contends that: (1) the trial court erred in finding that the service of a counterclaim upon plaintiff was sufficient notice and/or demand for recovery of reasonable and necessary attorney fees pursuant to section 38.002; (2) the trial court erred in finding that appellees were entitled to recover reasonable and necessary attorney's fees; (3) the trial court erred in awarding appellees $7,500; (4) the trial court erred in granting judgment for attorney's fees because there is no evidence that all conditions precedent to the recovery of attorney's fees had been properly performed by appellees; (5) the award of attorney's fees is error because the award is against the greater weight and preponderance of the admissible evidence; (6) there is no evidence that appellees have either alleged or offered proof they complied with section 38.001; and (7) the award of attorney's fees is error because there are no pleadings that appellees performed conditions precedent to recovery of attorney's fees, including a thirty day written demand.

The trial court awarded appellees $7,500 in attorney's fees for services rendered through trial. Appellant argues that appellees are not entitled to attorney's fees because appellees failed to plead presentment or actually present their claim for attorney's fees. Appellant further argues that appellees should not recover attorney's fees because they are not the prevailing party.

 Attorney's fees are recoverable for breach of contract under section 38.001(8) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). The party seeking to recover attorneys's fees carries the burden of proof to show entitlement to the fees. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991); *Lesikar v. Rappeport,* 33 S.W.3d 282, 317 (Tex. App.-Texarkana 2000, pet. denied). Where allowed by statute, the allowance of attorney's fees is within the discretion of the trial court and will only be reversed for an abuse of that discretion. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881 (Tex.1990). Reversal for abuse of discretion is justified only when the trial court's decision was arbitrary and unreasonable. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991).

 To recover attorney's fees, appellees were required to plead for them. *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex. 1983) (considering attorney's fees under predecessor statute to chapter 38 of the Texas Civil Practice and Remedies Code); *R. Conrad Moore & Assocs. v. Lerma,* 946 S.W.2d 90, 96 (Tex.App.-El Paso 1997, writ denied). Here, appellees expressly requested attorney's fees in their first

amended answer and original counterclaim and also referenced their claim for attorney's fees in their responses to requests for disclosure.

To recover attorney's fees, the claimant must present the claim to the opposing party. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002(2) (Vernon 1997). The purpose of the presentment requirement is to allow the person against whom a claim is asserted an opportunity to pay within thirty days of receiving notice of the claim, without incurring an obligation for attorney's fees. *Harrison v. Gemdrill Int'l, Inc.*, 981 S.W.2d 714, 719 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Carr v. Austin Forty*, 744 S.W.2d 267, 271 (Tex. App.-Austin 1987, writ denied). The party must plead and prove that he or she presented a contract claim to the opposing party, and the opposing party failed to tender performance. *See Carr*, 744 S.W.2d at 271. No particular form of presentment of a claim is required. *Grace v. Duke*, 54 S.W.3d 338, 344 (Tex.App.-Austin 2001, pet. denied); *Carr*, 744 S.W.2d at 271. The word "present" has been defined to mean simply a demand or request for payment. *See Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 905 n. 3 (Tex.App.-Austin 1991, no writ).

In the instant case, appellees argue that presentment was made though their pleadings and participation in mediation. However, neither the filing of a suit, nor the allegation of a demand in the pleadings can alone constitute presentment of a claim or a demand that the claim be paid. *Huff v. Fid. Un. Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 500 (1958); *Grace*, 54 S.W.3d at 344; *Panizo v. YMCA*, 938 S.W.2d 163, 168 (Tex.App.-Houston [1st Dist.] 1996, no writ); *Austin Forty*, 744 S.W.2d at 271. Appellees' contention that their claim for attorney's fees was presented at mediation is not evidenced in the record before this Court and therefore will not be considered on appeal. *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979); *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 717 n. 1 (Tex.App.-Corpus Christi 2001, no pet.).

However, appellees also argue that appellant waived error with regard to the award of attorney's fees by failing to object at trial to testimony regarding the amount of the attorney's fees, the reasonableness of the attorney's fees, and the necessity of the work performed. There is no indication in the record that appellant objected at the trial level to appellees' failure to present their claim. Moreover, in their request for affirmative relief, appellees asserted that they had "performed all prerequisites and conditions precedent to recovery under the aforesaid contract." If the plaintiff includes this allegation, it does not have to prove that it complied with conditions precedent unless the defendant alleges that plaintiff did not comply with certain specific requirements. TEX.R. CIV. P. 54; *see Greathouse v. Charter Nat'l Bank*, 851 S.W.2d 173, 176–77 (Tex.1992); *Knupp v. Miller*, 858 S.W.2d 945, 955 (Tex.App.-Beaumont 1993, writ denied). Appellant did not file a verified denial that appellees failed to present the claim. Therefore, this issue has not been preserved for appeal. *See* TEX.R.APP. P. 33.1.

Appellant also attacks the legal and factual sufficiency of the evidence to support the award of attorney's fees. The trial court awarded appellees attorney's fees in the sum of $7,500 for services rendered through trial. Factors the trial court should consider when determining the reasonableness of an attorney's fee include:

(1) the time and labor required, the novelty and difficulty of the questions

involved, and the skill required to perform the legal service properly;

(2) the likelihood that the acceptance of the particular employment will preclude other employment;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Garcia v. Martinez,* 988 S.W.2d 219, 222 (Tex.1999); *see Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997).

Appellees' counsel testified that he had ten years of experience, and his practice included commercial and business cases such as the instant case. He testified that he charged $175.00 hourly, and that this fee was "on the low end of commercial cases in the Houston area and around in the counties surrounding Houston." He testified that, based on his experience regarding rates charged by other attorneys in the community on other commercial cases, this rate was reasonable. Counsel stated that he had spent eighty-two to eighty-three hours working on the instant matter, and that all of his work was necessary. He worked on this case from March 2001 until trial in February 2002. The case was set for trial twice, and counsel testified that his time encompassed witness interviews, client meetings, drafting pleadings seeking affirmative relief, "paper" discovery, three depositions, a mediation, and trial preparation. Counsel testified that the great majority of his work involved factual discovery.

Despite counsel's testimony seeking an award of approximately $14,500, the trial court found $7,500 to be a reasonable and necessary award of attorney's fees. Counsel's testimony was clear, positive, direct, and not contradicted by any other witness or attendant circumstances. *Ragsdale,* 801 S.W.2d at 882; *Eller Media Co. v. State,* 51 S.W.3d 783, 787 (Tex.App.-Fort Worth 2001, no pet.). Accordingly, we conclude that the trial court did not abuse his discretion in the award of attorney's fees, and that the award is supported by legally and factually sufficient evidence.

We overrule appellant's final seven issues. The judgment of the trial court is affirmed.