**Affirmed in Part, Reversed and Remanded in Part, and Majority and Dissenting Opinions filed May 1, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00004-CV

---

**CAJUN CONSTRUCTORS, INC., Appellant**

**V.**

**VELASCO DRAINAGE DISTRICT, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 61420**

---

## DISSENTING OPINION

The majority holds that the trial court erred in granting summary judgment in favor of Velasco Drainage District on three of its four claims. Because I believe the trial court properly granted summary judgment to Velasco on all four of Cajun Constructors, Inc.'s claims, I respectfully dissent.

### CONTRACTUAL NOTICE PROVISIONS

As excerpted in the Majority Opinion, *see ante*, at 2–3, the general provisions of the contract at issue in this case contain three notice requirements. First, a party must

provide written notice stating the general nature of any claim or dispute no later than thirty days after the start of the event giving rise to the claim to the Engineer and the other party. Second, notice of the amount or extent of the claim or dispute with supporting data must be delivered to the Engineer and other party within sixty days after the start of the event, unless the Engineer provides additional time for the claimant to submit additional or more accurate data in support of the claim or dispute. Finally, third, after the Engineer renders a formal written decision regarding the claim or dispute, the party who intends to appeal the Engineer's decision must file a written notice of intent to appeal to the Engineer and the other party within thirty days after the date of the Engineer's decision and institute a formal proceeding in a "forum of competent jurisdiction" within sixty days of the decision or substantial completion of the project.

It is undisputed in this case that Cajun failed to file any notice of intent to appeal to either the Engineer or Velasco—*i.e.*, that Cajun entirely failed to comply with the third notice provision. The majority, however, determines that this notice provision is void because it violates section 16.071(a) of the Texas Civil Practice and Remedies Code. I respectfully disagree for the following reasons.

Subsection 16.071(a) of the Civil Practice and Remedies Code provides, "A contract stipulation that requires a claimant to give notice of a claim for *damages* as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable. A stipulation that requires notification within less than 90 days is void." Tex. Civ. Prac. & Rem. Code Ann. § 16.071(a) (West 2012) (emphasis added).

First, because Cajun failed to assert that the contractual notice provisions are void because of this provision in its summary-judgment response, I consider it only to the extent that Velasco established its entitlement to judgment as a matter of law despite the restrictions of this subsection. *See* Tex. R. Civ. P. 166a(c). Second, all three notice provisions explicitly relate to claims for "adjustment" in either contract price or time. Even the third provision, which provides that either party must notify the Engineer and

2

the other party if it intends to appeal the Engineer's decision to a court of competent jurisdiction, does not concern a claim for damages.

The purpose of all three notice provisions is to allow the contracting parties to investigate and settle disputes regarding adjustments in contract time or price without breaching the contract. If these notice provisions are followed, adjustments to contract time or price may be made during the course of the project without either party having to establish a breach of contract to recover damages. *Cf. Am. Airlines Employees Fed. Credit Union v. Martin*, 29 S.W.3d 86, 97–98 (Tex. 2000) (noting that the unauthorized transaction notice requirement of a bank's deposit agreement was designed to allow for investigation and recovery of funds so that the customer may not even have a claim for damages). Thus, I disagree with the majority's conclusion that this notice provision is "effectively a requirement that notice be given before a claim for damages is alleged in court." *See ante*, at 19.

In short, a claim for an adjustment in contract price or time is clearly not a claim for "damages." "Damages" perforce implicates a contractual breach, while "adjustment" contemplates an alteration consistent with performance of the contract terms. *Cf. Martin*, 29 S.W.3d at 97–98. (providing that section 16.071 does not apply to a notice provision that is not a notice of a claim for damages when the purpose of the provision is to prevent such a claim). Accordingly, I would conclude that subsection 16.071(a) does not apply to void the third notice provision in the contract because this provision relates to claims for adjustments, rather than claims for damages. Because Velasco established as a matter of law that subsection 16.071(a) does not apply to these contract provisions and Cajun failed to raise an issue of material fact, I would hold that Velasco was entitled to summary judgment on all of Cajun's claims.

## ATTORNEY'S FEES

The majority summarily reverses and remands the attorney's fee issues (Cajun's fourth and fifth issues) because it reverses and remands on other substantive issues.

3

Because I would affirm the trial court's summary judgment in favor of Velasco, I address the merits of these issues.

Texas law prohibits recovery of attorney's fees unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). "Reasonable" attorney's fees are available to a prevailing party on a breach of contract claim. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). Courts of appeal review an award of attorney's fees on the basis of breach of contract for an abuse of discretion. *E.g.*, *Llanes v. Davila*, 133 S.W.3d 635, 640 (Tex. App.—Corpus Christi 2003, pet. denied) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)). The test for an abuse of discretion is whether the trial court's decision is arbitrary or unreasonable. *Id.* (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991)).

If any attorney's fees relate solely to claims for which fees are not recoverable, a claimant must segregate recoverable from unrecoverable fees. *Tony Gullo Motors I*, 212 S.W.3d at 313. "Intertwined facts do not make all attorney's fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 313–14.

In its fourth and fifth issues, Cajun challenges the award of attorney's fees to Velasco. Specifically, in its fourth issue, it asserts that the jury should not have been given a question on the award of attorney's fees at all because Velasco did not recover damages; rather, Velasco retained the liquidated damages authorized by the contract by not paying Cajun the full contract price. However, Cajun did not challenge the award of attorney's fees on this basis in the trial court. It neither contended in its summary-judgment response that Velasco was not entitled to attorney's fees, nor challenged attorney's fees on this basis in the jury trial on fees. The only challenge it made to the submission of the attorney's fee question to the jury was that Velasco had not submitted legally or factually sufficient evidence to support the submission:

4

> We would object to the submission of the issue of attorneys' fees because while the admitted failure to segregate attorneys' fees on the part of the Plaintiff, they have not submitted legally sufficient or factually sufficient evidence to support this submission. So we will object to the submission of Question 1 on that basis and further move for an instructed verdict of a take nothing recovery on attorney fees at this time.

This objection does not comport with its complaint on appeal. *See Lundy v. Masson*, 260 S.W.3d 482, 507 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 234, 241 (Tex. 1992)). Accordingly, this issue has not been preserved for review, and I would overrule it. *See id.*; Tex. R. App. P. 33.1(a)

In its fifth issue, Cajun asserts that Velasco was not entitled to recover attorney's fees because it failed to segregate the fees. The reporter's record reflects that Cajun proposed a jury instruction on the issue of segregation of attorney's fees and objected to the submission of a question without such segregation: "Your Honor, Cajun has proposed, if I may approach, an instruction to the jury on the issue of segregation. We would object to the submission of a question without segregation and we would submit Cajun's proposed instruction to mitigate the issue of failure to segregate." The trial court refused the requested instruction.

Here, all the claims at issue before the jury involved Velasco's successful breach-of-contract counterclaim. Cajun's claims and Velasco's counterclaim depended upon the same essential facts, using the same documents and witnesses, and Velasco had to defeat Cajun's claims "before it could recover." *See Tony Gullo Motors I*, 212 S.W.3d at 314. Even Velasco's defense to Cajun's quantum meruit claim was premised on the existence of the contract. Cajun's quantum meruit claim arose out of the same transactions as its contract-based claims and required the same proof as those claims. Hence, the legal work performed by Velasco's attorneys advanced both the prosecution of its breach-of-contract counterclaim and the defense of Cajun's claims, including Cajun's quantum meruit claim. The legal work performed by Velasco's attorneys advanced both recoverable and nonrecoverable claims. *See id.* at 313–14; *cf. 7979 Airport Garage, L.L.C. v. Dollar Rent*

*a Car Sys., Inc.*, 245 S.W.3d 488, 507–09 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (concluding that fees incurred in defending against counterclaims did not have to be segregated from those incurred in prosecuting breach-of-contract claim because claims and counterclaims depended on same essential facts, relied on same documents and witnesses, and appellee had to defeat appellant's claims before it could recover).  Under these circumstances, I would conclude that Velasco was not required to segregate its attorney's fees.  I would overrule Cajun's fifth and final issue.

## CONCLUSION

I would affirm the trial court's summary judgment in favor of Velasco.  I would further affirm the jury's award of attorney's fees.  Accordingly, I respectfully dissent.

/s/      Adele Hedges
Chief Justice

Panel consists of Chief Justice Hedges and Justices Christopher and Jamison. (Jamison, J., majority).