

# NUMBER 13-14-00265-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE CITY OF BROWNSVILLE,**                                     **Appellant,**

**v.**

**JULIO CESAR AHUMADA,**                                            **Appellee.**

**On appeal from the County Court at Law No. 2
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria
Memorandum Opinion by Justice Rodriguez**

Appellee Julio Cesar Ahumada brought a personal injury action against appellant the City of Brownsville (the City) for damages arising out of a traffic accident that occurred on December 3, 2008, in which a Brownsville city bus struck Ahumada. The trial court granted judgment on a jury verdict awarding Ahumada $218,982.44 in damages. The

City raises six issues on appeal which we address out of order.[1]  We affirm.

## I.  LIMITATION OF EXPERT TESTIMONY

By its fifth issue, which we address first, the City contends that the trial court abused its discretion when it limited the trial testimony of its expert, Richard V. Barratta, Ph.D., to issues addressed in his report.[2]  Specifically, Dr. Barratta was not permitted to opine on the final resting place of Ahumada's vehicle post-accident.  It is the City's position that Dr. Barratta was not limited to opinions disclosed in his report when addressing trial evidence.  We disagree.

Dr. Barratta is a biomedical engineer and was hired to discuss the forces at play during the traffic accident in question.  Dr. Barratta provided an expert report, and Ahumada's counsel deposed him prior to trial.  Dr. Barratta stated in his report and during his deposition that he would not be performing an accident reconstruction.[3]  Ahumada had retained Col. John J. Smith as an accident reconstruction expert.  Both parties knew or should have known prior to trial that Ahumada would provide evidence, through his expert and his own eye-witness testimony, regarding the accident.  The City did not designate an accident reconstruction expert or supplement Dr. Barrata's report to indicate that he would be opining on the accident itself—as opposed to the forces at play during

---

[1] The City's first numbered issue addressed the appropriate standard of review and did not raise an appellate issue.

[2] We note that the City did not make an offer of proof pursuant to Texas Rule of Evidence 103 regarding what Dr. Barratta's testimony would have been had he been permitted to testify.  However, because we can determine the content of the disputed testimony from the record we will address the City's issue.  *See* Tex. R. App. P. 33.1(a)(1)(A); *Sims v. Brackett,* 885 S.W.2d 450, 453 (Tex. App.—Corpus Christi 1994, writ denied).

[3] Dr. Barratta's report was not included in the appellate record.  Without the opportunity to review Dr. Barratta's expert report we are limited in our review.

2

the accident.

However, during the City's direct examination, the City repeatedly attempted to elicit testimony from Dr. Barratta about vehicle movement during the accident and post-accident vehicle positioning. The City apparently attempted to use Dr. Barratta to rebut Ahumada's testimony regarding post-accident vehicle positioning by having Dr. Barratta review a picture drawn by Ahumada and opine that Ahumada's result was not feasible. Ahumada's counsel repeatedly objected to Dr. Barratta's testimony on that matter.[4] The basis of the objection was that Dr. Barratta had stated in his report that he would not be performing an accident reconstruction and would not be offering opinions involving accident reconstruction. The trial court sustained all objections to Dr. Barratta's testimony that pertained to Ahumada's post-accident diagram. Ahumada also objected that, to the extent Dr. Barratta had performed any calculations regarding the accident, he was not able to produce supporting documentation because it was contained in a corrupted computer file and was therefore not fully disclosed.

## A. Standard of Review and Applicable Law

We review a trial court's determination to exclude or limit expert testimony pursuant to an abuse of discretion standard. *E.I. du Pont de Nemours & Co., v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995). The trial court abused its discretion if it acted without reference to any guiding rules or principles. *Id.* We reverse based on the erroneous admission or exclusion of evidence only if the appellant shows error that was calculated

---

[4] The City contends that it was improper for Ahumada to object to Dr. Barratta's testimony at trial: it was apparently the City's position that objections to expert trial testimony are improper and all expert issues should be addressed during a *Daubert/Robinson* hearing. The City cited no authority for that argument, and we found no legal support for the City's contention.

to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *Formosa Plastics Corp., USA v. Kajima Int'l., Inc.,* 216 S.W.3d 436, 448 (Tex. App.—Corpus Christi 2006, pet. denied).

The Texas Rules of Civil Procedure include discovery requirements that apply when a party intends to call an expert to testify at trial. *See* TEX. R. CIV. P. 194.2(f). "A party is required to provide all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, as well as the expert's current resume and bibliography." *Llanes v. Davila,* 133 S.W.3d 635, 638 (Tex. App.—Corpus Christi 2003, pet. denied) (citing TEX. R. CIV. P. 194.2(f)(4)); *see also VingCard A.S. v. Merrimac Hosp. Sys., Inc.*, 59 S.W.3d 847, 856 (Tex. App.—Fort Worth 2001, pet. denied). Rule 194.2(f) also requires a party to disclose the subject matter on which the expert will testify and the general substance of the expert's mental impressions and opinions and a brief summary of their basis. TEX. R. CIV. P. 194.2(f)(2)–(3); *see also* TEX. R. CIV. P. 195.5–.6. In addition to the disclosure rules discussed above, these expert disclosures are subject to the supplementation requirement found in rule 193. *Llanes,* 133 S.W.3d at 638–39; *VingCard A.S.,* 59 S.W.3d at 856; *see* TEX. R. CIV. P. 193.5–.6.

A trial court can exclude an expert from testifying where there was an inadequate disclosure regarding the expert designation. *See VingCard A.S.,* 59 S.W.3d at 856 (recognizing that it was not an abuse of discretion to exclude an expert on the basis that he failed to comply with the disclosure requirements of Texas Rule of Civil Procedure 194.2(f)(6)). An expert is not permitted to testify to undisclosed opinions at trial without

a showing that there was good cause for the failure to timely make, amend, or supplement the disclosures or that the failure to supplement will not unfairly surprise or prejudice the other party. *See Llanes*, 133 S.W.3d at 638 (citing TEX. R. CIV. P. 193.6); *VingCard A.S.*, 59 S.W.3d at 856; *see also* TEX. R. CIV. P. 193.5.

## B.    Discussion

The rules regarding expert witness designations required the City to fully disclose the subject matter of Dr. Barratta's testimony, his specific opinions, and the basis for his opinions. *See* TEX. R. CIV. P. 194.2, 195.5. The City appears to be arguing that Dr. Barratta's testimony was appropriate to rebut the accident testimony proffered by Ahumada. However, the fact that Ahumada testified about the vehicles' final resting place does not transform Dr. Barratta into an accident reconstruction expert, despite his designation to the contrary. *See Llanes*, 133 S.W.3d at 638; *see also Moore v. Mem'l Hermann Hosp. Sys.,* 140 S.W.3d 870, 875 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (stating that the disclosure requirements of the Texas Rules of Civil Procedure apply to rebuttal experts whose use could be reasonably anticipated). In this case the City knew that Ahumada intended to call an accident reconstruction expert to testify at trial. Further, to the extent the City is now complaining that it was unable to rebut the demonstrative exhibit prepared during trial by Ahumada, we note that it could have reasonably anticipated that Ahumada would testify about the accident in question based on his personal knowledge and had the opportunity to cross-examine Ahumada on the same.[5]  *See Moore,* 140, S.W.3d at 875.

---

[5] We note that this issue did not directly address a failure to supplement however we find the supplementation requirements instructive. Permitting Dr. Barratta to testify beyond the opinions provided

5

The trial court's ruling limiting Dr. Barratta's testimony to the opinions disclosed in his report was within the dictates of the Texas Rules of Civil Procedure and was not an abuse of discretion. *See* TEX. R. CIV. P. 193.5, 194.2, 195.2(a); *Llanes,* 133 S.W.3d at 638–39; *VingCard A.S.,* 59 S.W.3d at 856. We overrule the City's fifth issue.

## II. CHARGE ERROR

We construe the City's sixth issue as a challenge to the trial court's charge for placing damage "issues with no evidentiary support" before the jury.

## A. Standard of Review and Applicable Law

The standard of review for error in a jury charge is abuse of discretion. *In re V.L.K.,* 24 S.W.3d 338, 341 (Tex. 2000); *Formosa,* 216 S.W.3d at 481. We accord the trial court broad discretion so long as the charge is legally correct. *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999); *Formosa,* 216 S.W.3d at 481. The City does not challenge the amount of the damage award, but instead contends that there is no evidence to support the submission of the elements of damages to the jury.[6]

Texas Rule of Civil Procedure 278 requires the submission of jury questions that are supported by the written pleadings and the evidence. *See Union Pac. R.R. Co. v. Williams*, 85 S.W.3d 162, 166 (Tex. 2002). "A trial court may refuse to submit a question to the jury if (1) there is no evidence; (2) there are no pleadings; or (3) the issue is uncontroverted." *Paschal v. Great W. Drilling, Ltd.,* 215 S.W.3d 437, 443 (Tex. App.—

---

in his report and deposition would deprive Ahumada the opportunity to prepare a response: the City did not make any argument that allowing Dr. Barratta to testify would not unfairly surprise or prejudice Ahumada. *See* TEX. R. CIV. P. 194.2(f), 195.2(a); *Llanes v. Davila,* 133 S.W.3d 635, 638 (Tex. App.— Corpus Christi 2003, pet. denied).

[6] The City does not challenge the factual sufficiency of the jury's damage findings.

Eastland 2006, pet. denied) (citing *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986)). However, the Texas Supreme Court has held that "rule 278 provides a substantive, non-discretionary directive to trial courts requiring them to submit requested questions to the jury if the pleadings and evidence support them." *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992); *see Certain Underwriters at Lloyd's Subscribing to Pol. No. WDO-10000 v. KKM Inc.,* 215 S.W.3d 486, 496–97 (Tex. App.—Corpus Christi 2006, pet. denied).

An objection to the submission of a question in the court's charge on evidentiary grounds is a challenge to the legal sufficiency of the evidence. *Paschal,* 215 S.W.3d. at 443 (citing *Elbaor,* 845 S.W.2d at 243). "A trial court may refuse to submit an issue only if no evidence exists to warrant its submission." *Elbaor,* 845 S.W.2d at 243. Submission is proper if more than a scintilla of evidence exists to support the question. *Lee Lewis Const., Inc. v. Harrison,* 70 S.W.3d 778, 782 (Tex. 2001).[7]

We must determine then whether the evidence was legally sufficient to support the inclusion of the damage questions in the charge. *See Paschal,* 215 S.W.3d at 443. The evidence was legally sufficient if more than a scintilla of evidence existed to support Ahumada's damage submissions. *See Lee Lewis Const., Inc.,* 70 S.W.3d at 782.

---

[7] While the City claims "no-evidence" grounds as a basis for charge error, it may also be attempting to assert factual insufficiency grounds as a basis. However, a party cannot base an objection to the submission of an issue in the court's charge on factual sufficiency grounds because a party is entitled to the submission of a question if there is some evidence to support the submission. *Paschal v. Great W. Drilling, Ltd.,* 215 S.W.3d 437, 443 (Tex. App.—Eastland 2006, pet. denied) (citing *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). "The factual insufficiency of the evidence to support an affirmative answer to an opponent's issue furnishes no basis for refusal to submit the issue." *Kindred,* 650 S.W.2d at 63. We therefore find the City's argument groundless to the extent that the City bases its challenge to the submission of questions in the court's charge on factual-insufficiency grounds. A factual sufficiency challenge could have been made to the jury's verdict.

7

"More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence." *Id.*

**B.    Discussion**

The City succinctly presented the issue as follows:   "The Court abused its discretion in allowing issues with no evidentiary support to go to the jury."   Specifically, the City contends that there was no evidence of the following damages:   (1) future pain and mental anguish; (2) physical impairment in the past and future; (3) disfigurement in the past and future; and (4) medical expenses in the future.

**1.    Physical Pain and Mental Anguish in the Future**

The City contends that there was no evidence to support the submission of a damage question for past and future physical pain and mental anguish in the charge. "To recover damages for mental anguish, a plaintiff must introduce direct evidence of the nature, duration, and severity of his mental anguish . . . or evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger."   *Rentech Steel, L.L.C. v. Teel,* 299 S.W.3d 155, 166 (Tex. App.—Eastland 2009, pet. denied)   We have also recognized that physical pain and mental anguish damages can be inferred from the injury itself.   *See Pentes Design, Inc. v. Perez,* 840 S.W.2d 75, 80 (Tex. App.—Corpus Christi 1992, writ denied).

Multiple physicians testified at trial about Ahumada's injuries, subsequent treatment plans, and lingering pain associated with both the injuries and the treatments. Both Ahumada and his significant other testified regarding the continuing and persistent nature of Ahumada's pain.   Ahumada testified about the continuing effects of his pain on

8

his daily life and discussed activities that he once enjoyed that he is no longer able to perform. We conclude that there was more than a scintilla of evidence by which a jury could find that there was a reasonable probability that Ahumada would suffer from physical pain and mental anguish in the future. *See Teel,* 299 S.W.3d at 166; *Pentes Design, Inc.,* 840 S.W.2d at 80.

### 2. Physical Impairment in the Past and Future

The City contends that there was not legally sufficient evidence to submit a damage question on past and future physical impairment in the jury charge. Damages for physical impairment encompass the loss of enjoyment of life, the effect of which must be substantial and extend beyond any pain, suffering, mental anguish, lost wages, or diminished earning capacity. *Teel,* 299 S.W.3d at 166 (recognizing that damages for physical impairment must exist independently from other damage categories). Physical impairment can be demonstrated by limitations in the physical range of motion, pain while performing activities, weakness or loss of strength, limitations of activities, difficulty driving, and trouble sleeping. *See, e.g., Brookshire Bros., Inc. v. Lewis,* 997 S.W.2d 908, 922 (Tex. App.—Beaumont 1999, pet. denied) (upholding physical impairment damages when the physical range of motion was limited); *Teel,* 299 S.W.3d at 166 (upholding physical impairment when the plaintiff could not write without pain); *Barnhart v. Morales,* No. 14-12-00167-CV, __S.W.3d__, 2015 WL 1020869, at *7–8 (Tex. App.—Houston [14th Dist.] Mar. 5, 2015, no. pet. h.) (noting that the plaintiff did not have her regular strength and could not perform the same activities with her children); *Browning v. Paiz,* 586 S.W.2d 670, 675 (Tex. App.—Corpus Christi 1979, writ ref'd n.r.e.) (noting that the

plaintiff could no longer mow the yard); *Tex. Farm Prods. Co. v. Stock,* 657 S.W.2d 494, 504 (Tex. App.—Tyler 1983, writ ref'd n.r.e.) (noting that the plaintiff had difficulty when driving on longer trips).

The record contains evidence of physical impairment in this case. Ahumada testified that he had periods where he could not move his arm or had only a limited range of motion in his shoulder, he avoided using his arm, he felt pain when he lifted his arm, there were times he could not turn his head or bend down, he could not mow his yard, he had difficulty driving, and he had difficulty sleeping. Further, Ahumada testified that he was still in pain at the time of trial and that the pain was continuing and interfered with his performance of everyday tasks. We conclude that there was more than a scintilla of evidence to warrant a question in the charge on damages for past and future physical impairment. *See Brookshire Bros., Inc.,* 997 S.W.2d at 922; *Teel,* 299 S.W.3d at 166; *Browning,* 586 S.W.2d at 675; *Stock,* 657 S.W.2d at 504; *see also Barnhart*, 2015 WL 1020869, at *3.

### 3. Disfigurement in the Past and Future

The City contends that there was no evidence to support the submission of disfigurement questions to the jury. "The term 'disfigurement' includes an impairment or injury to the beauty, symmetry, or appearance of a person or thing, rendering it unsightly, misshapen, imperfect, or deformed in some manner." *Teel,* 299 S.W.3d at 166. During trial both Ahumada and his significant other testified that Ahumada's left shoulder was visibly smaller than his right shoulder. There was also evidence that Ahumada had scars from his surgeries and his injections. We find that there was more than a scintilla of

10

evidence of past and future disfigurement to warrant a submission of the disfigurement damage questions in the jury charge.[8]   *See id.*

### 4.     Future Medical Expenses

Finally, the City contends that there was no evidence to support the submission of a damage question on future medical expenses to the jury.   Ahumada was required to produce more than a scintilla of evidence that, in all reasonable probability, he would require future medical care and that the costs associated with the future care are reasonable.   *See Rosenboom Mach. & Tool, Inc. v. Machala,* 995 S.W.2d 817, 828 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see also Haddard v. Rios,* No. 13-07-00648-CV, 2012 WL 1142779, at *5 (Tex. App.—Corpus Christi Apr. 5, 2012, pet. denied) (mem. op.).   Juries are permitted to award damages for future medical care based on the nature of the injury, the medical care received before trial, and the injured party's condition when the trial occurred.   *Reliance Steel & Aluminum Co. v. Sevcik,* 268 S.W.3d 65, 70 (Tex. App.—Corpus Christi 2006) *rev'd on other grounds,* 267 S.W.3d 867 (Tex. 2008).

The record contains sufficient evidence to support the submission of the damage question to the jury:   namely, there was testimony from Ahumada and his treating physicians regarding the nature of his injury, his medical care, his continuing pain, his then current limitations, and his continued need for pain medication.   *See id.*   We overrule the City's sixth issue.

### III.     WAIVER AND PRESERVATION

---

[8]   The jury did not award Ahumada any damages for either past or future disfigurement.

Ahumada contends generally that the City waived all appellate issues by failing to properly cite to the record and provide relevant authority in its briefing to this Court. In the alternative, Ahumada contends that if we find the City's briefing adequate, the City failed to preserve error before the trial court.[9]

## A.      Waiver

Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to contain "a clear and concise argument for the contentions made, with the appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). To adequately brief an argument, an appellant must cite to the record when making assertions of fact and must cite to legal authority when making assertions of law. *See id.*; *Ratsavong v. Menevilay,* 176 S.W.3d 661, 666 (Tex. App.—El Paso 2005, pet. denied). An appellant that fails to cite to the record or authority waives its arguments. *Ratsavong,* 176 S.W.3d at 666; *see also Sengal v. Hardeman,* No. 13-11-00659-CV, 2012 WL 5377901, at *1 (Tex. App.—Corpus Christi Nov. 1, 2012, no pet.) (mem. op.).

The record in this case is voluminous. The clerk's record is contained in seven volumes, and the reporter's record consists of twelve volumes. The record totals over 4,000 pages. We are not required to review the entire record to determine whether the trial court abused its discretion. *See Slagle v. Prickett,* 345 S.W.3d 693, 702 (Tex. App.—El Paso 2011, no pet.) (noting that appellate courts are "not required to sift through the record in search of facts supporting a party's position"); *Ski River Dev., Inc. v. McCalla,* 167 S.W.3d 121, 141 (Tex. App.—Waco 2005, pet. denied); *see also Scripps Tex.*

---

[9] We determine that the City's fifth and sixth issues were sufficiently briefed and addressed the merits of its arguments above.

12

*Newspaper, LP v. Carter,* No. 13-09-00655-CV, 2012 WL 5948955, at *3 (Tex. App.—Corpus Christi Nov. 21, 2012, pet. denied) (mem. op.).

In its reply brief, responding to Ahumada's waiver argument, the City states that "it gave this Court sufficient citations to the record, and authority to support its main argument that this <u>trial</u> was an abuse of discretion." Unfortunately there is no appellate mechanism by which we can find that a "trial" itself was an abuse of discretion. This overly broad and generalized contention is illustrative of the City's briefing: the City's issues presented, and subsequent briefing, failed to direct this Court to specific trial court errors.

More specifically, the City generally asserts in its second issue that the trial court erred in not allowing it to discuss Ahumada's employment. The City, however, failed to direct this Court to even one instance in which the trial court ruled against the City and prevented it from admitting evidence of Ahumada's employment.[10] Instead, the record citations in the City's brief indicate that the City was able to call Ahumada's co-worker and employer to testify. The City elicited testimony from those witnesses that Ahumada did not miss any work as a result of the traffic accident in question, and the witnesses further described the physical nature of Ahumada's employment.

In addition, the brief lacked citations to legal authority to support the City's position. This Court is left without recourse when there is no reference to a specific trial court ruling.

---

[10] The only record citation provided to this Court by the City where the trial court sustained Ahumada's objection and limited the City's ability to discuss Ahumada's employment occurred in closing arguments. The trial court ruled that the City could not argue to the jury that Ahumada did not put on any evidence that he was unable to work. The City did not cite to any legal authority supporting its contention that the trial court abused its discretion by limiting its closing argument.

13

*See Keyes Helium Co. v. Regency Gas Servs., L.P.,* 393 S.W.3d 858, 861 (Tex. App.—
Dallas 2012, no pet.); *see also Sengal,* 2012 WL 5377901, at *1. The City did not cite to
the record or controlling legal authority in making its argument that the trial court erred by
not allowing it to address Ahumada's employment. The City has not adequately briefed
its second issue on appeal. *See* TEX. R. APP. P. 38.1(i); *Keyes Helium Co.,* 393 S.W.3d
at 862; *Slagle,* 345 S.W.3d at 702; *Ratsavong,* 176 S.W.3d at 666; *see also Scripps,* 2012
WL 5948955, at *3; *Sengal;* 2012 WL 5377901, at *1.

The City, by its third issue, contends that the trial court abused its discretion by
treating a motion in limine as a motion to exclude. However, at no point did the City
actually direct this Court to an instance in which the motion in limine was in fact treated
as a motion to exclude. *See Keyes Helium Co.,* 393 S.W.3d at 861. The City devoted
the main body of its argument to issues in which the trial court ruled in its favor—i.e.,
allowing Ahumada's previous employer and co-worker to testify and denying Ahumada's
motion for mistrial.

The City cited to two instances in which the trial court sustained Ahumada's
objections and only one instance in which the motion in limine was raised as a basis for
the objection.[11] The City did not cite to any case law or provide any legal justification to

---

[11] Ahumada objected to his former co-worker's, Jose Castillo's, testimony that Ahumada had stated that he did not want to have surgery but "they had told him that he had to go to . . . help his case or something" and further objected to the City's question asking Castillo whether Ahumada appeared nervous about his treatment. The trial court sustained both objections. Though Ahumada's first objection was based, in part, on a violation of the motion in limine, there is no evidence in the record the trial court sustained the objection because it was treating the motion in limine as a motion to exclude. Further, even if the trial court erred in sustaining the objection, there could be no harm: Castillo had fully answered the question before Ahumada's counsel objected, and the trial court did not instruct the jury to disregard his testimony. *See Estrada v. State*, 313 S.W.3d 274, 313 (Tex. Crim. App. 2010) (noting that when a witness answers a question and the trial court later sustains an objection to the question but does not instruct the jury to disregard the answer, the answer remains before the jury to be freely considered); *see also* TEX. R. APP. P. 44.1(a)(1).

14

support its position that the trial court abused its discretion by sustaining Ahumada's objections. The City's argument did not comply with the Texas Rules of Appellate Procedure as it did not provide legal authority to support its assertion of law. *See* TEX. R. APP. P. 38.1(i); *Keyes Helium Co.,* 393 S.W.3d at 861; *Ratsavong,* 176 S.W.3d at 666.

Because the City failed to adequately brief its alleged error and did not include sufficient citations to either the record or legal authority, we determine the City waived its second and third issues. *See* TEX. R. APP. P. 38.1(i); *Ratsavong,* 176 S.W.3d at 666; *see also Sengal,* 2012 WL 5377901, at *1.

## B.    Preservation of Error

We construe the City's fourth and seventh issues to contend that the trial court's evidentiary rulings excluding its impeachment evidence were an abuse of discretion.[12]  A party must comply with Texas Rule of Evidence 103 to preserve error when complaining of excluded evidence. *See* TEX. R. EVID. 103.  Rule 103(a)(2) provides that error cannot be predicated on the exclusion of evidence unless the substance of the evidence was made known to the trial court during trial pursuant to an offer of proof or was apparent from the context within which questions were asked. *Id.* at 103(a)(2)*; Ludlow v. DeBerry,* 959 S.W.2d 265, 269–70 (Tex. App.—Houston [14th Dist.] 1997, no writ).  The rules require that the offer be made to the trial court "as soon as practicable, but before the court's charge is read to the jury." TEX. R. EVID. 103(b).  This requirement provides the

---

[12] The City complained of excluded impeachment evidence in both its fourth and seventh issues. We consolidate the issues and address the exclusion of impeachment evidence together.  The excluded evidence consisted of Ahumada's Mexican birth certificate, a police report and an EMS report pertaining to an alleged prior injury, Facebook pictures of Ahumada, and testimonial evidence from Ahumada's alleged wife that she was legally married to someone else.

15

trial court the opportunity to correct any error. *Ludlow,* 959 S.W.2d at 269–70.

The City made an offer of proof to the trial court; however, the offer was not timely. *See* TEX. R. EVID. 103(b); *Bobbora v. Unitrin Ins. Servs.,* 255 S.W.3d 331, 334–35 (Tex. App.—Dallas 2008, no pet.) (recognizing that when an offer of proof is not made before the charge is read to the jury, then a formal bill of exception is necessary to preserve error); *see also* TEX. R. APP. P. 33.1(a)(1)(B) (stating that, to preserve error, the record must show that the parties complied with the Texas Rules of Evidence). The City admits that it did not make the offer of proof until after the charge was read to the jury. Though the City recognized that it failed to comply with rule 103, it stated that the timing of the offer was immaterial "because there was no reason to believe that the [c]ourt would change her mind at this juncture." Again, the City did not cite this Court to any legal authority supporting that contention. *See Keyes Helium Co.,* 393 S.W.3d at 862. Because the City did not comply with the Texas Rules of Evidence, it did not preserve error for appeal and presents nothing to review by its fourth and seventh issue. *See* TEX. R. EVID. 103(b); TEX. R. APP. P. 33.1(a)(1)(B); *Bobbora,* 255 S.W.3d at 334–35.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
2nd day of July, 2015.

16