JIM HOWE HOMES, INC., Appellant,

v.

Jodi ROGERS, Appellee.

No. 3–90–199–CV.

Court of Appeals of Texas,
Austin.

Nov. 6, 1991.
Rehearing Overruled Dec. 10, 1991.

Jay R. Beatty, Busby & Associates, P.C., Temple, for appellant.

Russell A. Smith, Blanks, Greenfield & Rhodes, Temple, for appellee.

Before POWERS, JONES and SMITH, JJ.

POWERS, Justice.

Jodi Rogers recovered damages and attorney's fees in her breach-of-contract action against her former employer Jim Howe Homes, Inc. (the "Company"). The Company appeals. We affirm the trial-court judgment in part and reverse and render judgment in part.

## THE CONTROVERSY

Rogers sold real estate for the Company, receiving commissions for sales that were consummated. When she left the Company's employ in 1986, she had negotiated 20 sales contracts that had not been consummated. Thirteen of them were consummated thereafter. The Company refused to pay her a commission on the 13 sales contracts that were consummated.

In September 1986, Rogers sued the Company to recover on a statutory cause of action under the Deceptive Trade Practices Act,[1] seeking damages equal to her commissions on the 13 sales. The district court granted summary judgment against her claim. In an unpublished opinion, we affirmed the judgment on the ground that Rogers was not a "consumer" within the meaning of the Act.

Rogers filed in the present cause three common-law causes of action: breach of contract, quantum meruit and unjust enrichment. After a jury trial, the court below rendered judgment awarding Rogers $16,500 in compensatory damages and $6,000 in attorney's fees, together with additional attorney's fees in the event of appellate review.

The Company appeals on four points of error.

## COMPENSATORY DAMAGES

In its first three points of error, the Company complains of that part of the jury charge that asked the jury, "What sum of money, if any, does Jim Howe Homes, Inc. owe Jodi Rogers?" The Company complains that the unconfined scope of the question allowed the jury to consider, in arriving at its answer, improper elements of damages and incorrect principles of law. Rogers rejoins that the Company failed to preserve its complaint for appellate review because it did not tender to the trial court, in writing and before the charge was submitted to the jury, a limiting instruction or definition in substantially correct form.

The Company's attorney objected vocally to the damages question submitted. He argued that the question provided insufficient guidance for the jury, and did not give them "any definition of what they are to consider in determining what sum of money should be awarded in the event they reach that question." The attorney also contended that the question was overbroad and invited speculation by the jury.

■ The Company asserts that the vocal objection was sufficient to preserve error because the question was defective as submitted. In most instances, the Company would be correct; a party who finds fault with a proposed jury question need only object to the inclusion of the question in the charge. *See Vela v. Alice Specialty Co.*, 607 S.W.2d 289 (Tex.Civ.App.1980, no writ). Texas Rule of Civil Procedure 272 requires that objections to the charge of the jury be presented to the court in writ-

---

1. Tex.Bus. & Com.Code Ann. § 17.41 *et seq.*     (1987).

ing, *or* be dictated to the court reporter in the presence of the court and opposing counsel. Rule 272 therefore allows a vocal objection when the objecting party complains that a question is defective as submitted.

▆ In this case, however, we believe the Company had to tender a limiting instruction in order to preserve error. Contrary to the general rule, a court's charge should limit the jury's consideration of damages by an *instruction* on the proper legal measure of damages. *Texas Cookie Co. v. Hendricks & Peralta,* 747 S.W.2d 873, 878 (Tex.App.1988, writ denied). If the court fails to include in the charge a limiting instruction on damages, the complaining party must object to the charge *and* tender a written instruction in substantially correct wording on the proper measure of damages. *National Fire Ins. v. Valero Energy,* 777 S.W.2d 501, 508 (Tex.App.1989, no writ). Failure to submit such an instruction is not a ground for reversal unless the party complaining of the judgment has requested in writing a substantially correct instruction. Tex. R.Civ.P.Ann. 278 (Supp.1991); *Texas Power & Light Co. v. Barnhill,* 639 S.W.2d 331, 335 (Tex.App.1982, writ ref'd n.r.e.).

We recognize that in earlier cases Texas courts have held that the defendant need only object to a damages question if it is defective as submitted. *See, e.g., Stewart v. Moody,* 597 S.W.2d 556, 558 (Tex.Civ. App.1980, writ ref'd n.r.e.). In *Stewart,* the trial court submitted a broad damages question that did not restrict the jury's discretion in calculating damages. The defendant objected, but did not submit an instruction. The court of appeals reversed because the damage question was defective, apparently placing on the plaintiff the burden of tendering a limiting instruction. *See also Chrysler v. McMorries,* 657 S.W.2d 858, 864 (Tex.App.1983, no writ) (holding also that submission of a broad

damages question is reversible error when the opposing party objects to the question).

We believe, however, that the party who stands to benefit from the limiting instruction has now the burden of requesting such an instruction. The supreme court apparently adopted this reasoning in *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981). In *Cameron,* the trial court failed to include in the charge an instruction to the jury as to the proper elements of damages, and the jury utilized its own method in measuring damages. The supreme court said that the defendant "waived any error committed by the jury in measuring damages and in considering the value of the land by failing to object to this evidence *and by failing to request an instruction on the proper measure of damages in substantially correct form." Id.* at 538 n. 4 (emphasis added). It is unclear from the opinion whether the defendant objected to the broad question, but the supreme court evidently requires an instruction in addition to any objection by the defendant. Following the reasoning of *Cameron,* courts of appeals have placed on the complaining party the responsibility to object *and* to request a limiting instruction relative to jury questions as to damages. *See National Fire Ins.,* 777 S.W.2d at 508 (requiring both an objection and instruction); *Texas Cookie Co.,* 747 S.W.2d at 878 (same); *Texas Power & Light,* 639 S.W.2d at 335; *see also Atex Pipe & Supply v. Sesco Production,* 736 S.W.2d 914 (Tex. App.1987, writ denied) (distinguishing a situation where a defective instruction is submitted).

▆ The record reflects that the Company did not tender an instruction limiting the jury's consideration on the damages question. Therefore, the Company did not preserve error on the issue. We overrule the Company's first three points of error, and affirm that part of the judgment awarding breach-of-contract damages to Rogers.[2]

---

**2.** We need not decide whether the submitted question was proper in this case because the Company waived any error. We note, however, that the question appears to conform to the requirements of Texas Rule of Civil Procedure 277, which requires a trial court to submit a cause upon broad-form jury questions whenever feasible. Therefore, it is not clear that the question was defective as submitted. The Company argues that a broad-form jury question on damages is improper, but the cases it relies on preceded the 1988 amendment of Rule 277 and the supreme court's endorsement of broad-form questions in *Lemos v. Montez,* 680 S.W.2d 798 (Tex.1984).

### ATTORNEY'S FEES

In response to a submitted question, the jury fixed Rogers's attorney's fees at $6000 through the time of trial, as well as $2500 if the case was appealed to the court of appeals, $500 if an application for writ of error was submitted to the supreme court, and $2500 if the case was argued before the supreme court.

■ A party may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is based on an oral or written contract. Tex.Civ.Prac. & Rem.Code Ann. § 38.001(8)(1986). A claimant must meet three requirements to recover attorney's fees. First, the claimant must be represented by an attorney. Second, the claimant must "present" the claim to the opposing party or to a duly authorized agent of the opposing party. Finally, payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented. *Id.* § 38.002. To recover attorney's fees, then, the claimant must present the contract claim to the opposing party, and the opposing party must fail to tender performance within 30 days of presentment. *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981).

■ In its fourth point of error, the Company assails the trial court's award of attorney's fees to Rogers, alleging there is no evidence of presentment. We agree, and sustain the point of error. To recover attorney's fees in a breach of contract suit, the plaintiff bears the burden of pleading and proving that she made presentment of the claim to the opposing party. *Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1983).

Neither the filing of a suit nor the allegation of a demand in the pleadings, can, without more, constitute presentment of a claim. *Carr v. Austin Forty,* 744 S.W.2d 267, 271 (Tex.App.1987, writ denied). In this case, Rogers neither pleaded nor proved that she presented her claim to the Company. The record is devoid of *any* evidence of presentment.[3] Therefore, Rogers is not entitled to recover attorney's fees. *See Shearer v. Allied Live Oak Bank,* 758 S.W.2d 940, 946 (Tex.App.1988, writ denied) (upholding a denial of attorney's fees when there was no evidence of presentment).

■ Rogers argues that the Company did not preserve error on the issue because it did not object to the question submitted on attorney's fees, nor did it request a jury question on presentment. Therefore, Rogers contends, this Court should deem the trial court to have found that the claim was properly presented. We disagree.

Texas Rule of Civil Procedure 279 says in part:

When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, without request or objection, *and there is factually sufficient evidence to support a finding thereon,* the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements

**3.** Rogers suggests that the Company had actual notice of the suit because of the earlier DTPA suit based on the same facts. We recognize that no particular form of presentment is required. *See Atkin v. Cobb,* 663 S.W.2d 48, 51 (Tex.App. 1983, writ dism'd). We do not believe, however, that a demand letter in one suit qualifies as presentment of a claim in a subsequent suit. Nor does the actual filing of one suit constitute presentment for the purposes of a later suit.

Nothing in the Texas Civil Practice and Remedies Code defines the word "present" as used in § 38.002 where the act is made a prerequisite to recovering attorney's fees. *Cf.* Tex.Bus. & Com.

Code Ann. § 3.504 (1968) (defining "presentment" in the context of commercial paper). Apparently, the supreme court has construed the word to mean simply a demand or request for payment. *See Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981) (discussing possible *forms* of requesting or demanding payment that might satisfy an attorney's fee statute requiring presentment). In all events, the elements of presentment in § 38.002 must include at minimum a demand or request for payment, irrespective of what else it might include. Where we use the idea of presentment in the text, we refer only to a demand or request for payment.

in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner to support the judgment.

Tex.R.Civ.P.Ann. 279 (Supp.1991) (emphasis added). Because Rogers submitted no evidence that she presented her claim to the Company, we may not deem in favor of the judgment a finding of presentment. *See Payne v. Snider*, 661 S.W.2d 134, 142 (Tex.App.1983, writ ref'd n.r.e.).

Finally, Rogers argues that the Company waived error by failing to object to evidence on attorney's fees and to the submission of a question as to attorney's fees. Rule 279 also states, "A claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict...." The Company attacked the award of attorney's fees in a motion for judgment n.o.v. on the ground that there was no evidence of compliance with the presentment requirement. Therefore, it did not waive error on the issue. *See Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985) (stating that a motion for judgment n.o.v. is a proper way to preserve error when the evidence is legally or factually insufficient).

We hold that there is no evidence to support a deemed finding of presentment by Rogers. We therefore reverse the part of the judgment awarding attorney's fees to her and order that she take nothing against the Company with respect to attorney's fees.