Delgado v. Austin Nat'l Bank 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00399-CV







Juan Delgado and Dominga Delgado, Appellants



v.



Austin National Bank, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,


NO. 218,327, HONORABLE JAMES H. RUSSELL, JUDGE PRESIDING







PER CURIAM


 Appellants Juan Delgado and Dominga Delgado appeal the trial court's judgment
in favor of appellee Austin National Bank. The Delgados sued Austin National for deceptive trade
practices and conversion after the bank debited their joint checking account $169.09. Austin
National counterclaimed for breach of the depository agreement and for bringing a groundless suit
in bad faith or to harass. See Deceptive Trade Practices--Consumer Protection Act, Tex. Bus. &
Com. Code Ann. § 17.50(c) (West 1987). Austin National also sought attorney's fees. Trial was
to the court, which rendered judgment that Austin National recover $162.00 for breach of contract
and $2,500.00 in attorney's fees. The trial court filed findings of fact and conclusions of law. 
We will reverse in part and affirm in part.

 According to those fact findings that have not been challenged, on May 26, 1993,
Dominga Delgado tendered to a teller at Austin National a check for $65.54 that she intended to
cash; a check for $234.63 that she intended to deposit in part; and a deposit slip showing a deposit
of $234.63 less $10.63 in cash. The teller mistakenly cashed the check for $234.63, gave the cash
to Dominga, and gave her a deposit receipt for $224.00. The teller deposited the check for
$65.54. When Austin National later discovered the teller's error, it debited the Delgados' account
by the amount previously overcredited, $169.09. Although Austin National notified the Delgados
of the correction two days after Dominga's transaction, the Delgados drew checks on insufficient
funds in their account. Austin National charged the Delgados $162.00 for the insufficient-funds
checks.

 In their first point of error, the Delgados challenge the award of attorney's fees,
arguing that Austin National neither pleaded nor proved presentment of its contract claim. The
trial court found that Austin National agreed to pay its attorneys a reasonable fee to prosecute its
counterclaim and awarded Austin National fees of $2,500. Because the depository contract did
not provide for attorney's fees, Austin National is entitled to its fees only if it complied with
chapter thirty-eight of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann.
§§ 38.001--.006 (West 1986). To recover attorney's fees under this statute, Austin National had
to both plead and prove that it presented a contract claim to the Delgados, with payment for the
amount due remaining untendered during the next thirty days. Id., § 38.002 (West 1986); Ellis
v. Waldrop, 656 S.W.2d 902, 905 (Tex. 1983).

 The statement of facts contains no evidence that Austin National presented its
contract claim to the Delgados. Filing a counterclaim based on breach of contract does not
constitute presentment within section 38.002. Jim Howe Homes, Inc. v. Rogers, 818 S.W.2d 901,
904 (Tex. App.--Austin 1991, no writ). Although Austin National argues that the Delgados
waived their complaint by failing to object in the trial court, no objection is required in a nonjury
trial to complain on appeal that the evidence is legally insufficient. Tex. R. App. P. 52(d). 
Because Austin National failed to prove presentment, we need not address the sufficiency of its
pleading. We sustain point one.

 In their second point of error, the Delgados argue that they proved, by the great
weight and preponderance of the evidence and as a matter of law, that Austin National waived its
breach of contract claim. The trial court found that Austin National did not waive its contract
claim against the Delgados.

 Waiver is an intentional relinquishment of a known right or intentional conduct
inconsistent with claiming that right. Sun Exploration & Prod. Co. v. Benton, 728 S.W.2d 35,
37 (Tex. 1987). In reviewing a matter of law point, we examine the record for evidence that
supports the finding, ignoring evidence to the contrary. If no evidence supports the finding, we
then examine the entire record to determine if the contrary proposition is established as a matter
of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 89); Holley v. Watts, 629
S.W.2d 694, 696 (Tex. 1982). In reviewing a great weight and preponderance point, we consider
all the evidence and will set aside the finding only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951).

 Juan Delgado testified that after receiving a debit notice from Austin National, he
talked to several people at the bank, including a woman named Leslie. The bank's employees
explained to him that the $234.63 check intended partly for deposit had by mistake been
completely paid in cash. Juan stated that Austin National charged him for insufficient funds on
one or two checks he wrote, but that the bank was going to try to help him straighten out the
problem by not charging him on any other checks. Juan also testified that he told Leslie that he
wanted his money back and everything straightened out. When she responded that she could not
accomplish that, Juan told her that he would get an attorney to take care of it. Juan denied
agreeing with Austin National that if the bank would not charge him for insufficient funds he
would not seek a lawyer or sue.

 Leslie Anderson, vice president and cashier at Austin National, testified that at one
time she was willing to forego the Delgados' insufficient-funds charges in an effort to resolve the
dispute between Austin National and the Delgados. Anderson stated that when Austin National
was initially researching the matter, she told the Delgados that once the error was solved the bank
would try to help them as a way to resolve the dispute. She testified, however, that she did not
intend to waive forever Austin National's claim for insufficient funds if the dispute were not
resolved. To Anderson's knowledge, no one at Austin National ever represented to the Delgados
that no deduction to their account would be made beyond those for checks they had written.

 We cannot say that the trial court's failure to find a waiver is against the
overwhelming weight of the evidence. Likewise, the court's determination is not contrary to the
conclusive evidence. We therefore overrule point two.

 Austin National brings one cross-point asserting that the Delgados took this appeal
for delay and without sufficient cause and requesting damages. Tex. R. App. P. 84. Because we
have sustained the Delgados' first point of error, we decline to award damages and overrule the
cross-point.

 We reverse that part of the trial court's judgment awarding attorney's fees to Austin
National and render judgment that Austin National recover no attorney's fees. Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965). We affirm the judgment of the trial court in all other respects.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Reversed and Rendered in Part; Affirmed in Part

Filed: August 16, 1995

Do Not Publish