Opinion filed August 12,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00103-CV

                                                    __________

 

                       SECURITY
SELF STORAGE LLC, Appellant

 

                                                             V.

 

                  SEAN
PAULING AND SHANNON BURK, Appellees



 

                                   On
Appeal from the 30th District Court

 

                                                           Wichita
County, Texas

 

                                                  Trial
Court Cause No. 166,910-A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This appeal arises out of a landlord-tenant dispute involving a self-storage facility. 
Sean Pauling and Shannon Burk[1]
rented a storage unit from Security Self Storage LLC.[2] 
Believing that they had rented storage unit no. 38, appellees placed various
items of Pauling’s personal property in storage unit no. 38.  However,
appellant’s employee that met with appellees at the storage facility believed
that they had rented storage unit no. 34.  In this regard, appellant’s employee
listed storage unit no. 34 on the written lease agreement as the unit leased by
appellees.  When appellant subsequently discovered appellees’ items being
stored in unit no. 38, it did not realize that the items belonged to
appellees.  It subsequently disposed of appellees’ items stored in unit no. 38
based upon its belief that the items had been abandoned on its property.

            Appellees
initiated the underlying action to recover damages for their losses by filing
suit against appellant in justice court.  Appellant responded to the suit by
filing a general denial.  The justice court awarded appellees $3,000 in
damages.  Appellant appealed the justice court judgment to the district court
for a de novo bench trial.  As per the district court’s judgment, it determined:

[T]here was a mutual
mistake, occasioned by a scrivener’s error, in the drafting of the Self-Service
Storage Rental Agreement made the subject of this lawsuit.  The Court finds
that the parties agreed that Shannon Burk would lease Unit 038; however, the
Defendant’s employee and agent, Ms. Fancher, typed the wrong unit number in the
agreement.  For these reasons, the agreement is reformed to reflect the actual
intent of the parties – the lease of unit 038.

 

The district
court determined that appellant breached the agreement and converted Pauling’s
property.  The district court awarded Burk $455 for rent paid to appellant, and
it awarded Pauling $4,175 for the value of the property discarded from unit no.
38.  The district court also awarded appellees $2,558 in attorney’s fees.  Appellant
challenges the trial court’s judgment in two issues.  We affirm.

Affirmative Defense of Release

            In
its first issue, appellant asserts that a provision in the written lease
agreement barred appellees’ recovery as a matter of law.  The provision reads
as follows:

NO REPRESENTATIONS
OF SAFETY OR SECURITY HAVE BEEN MADE TO TENANT BY LESSOR OR LESSOR’S AGENTS. 
TENANT HEREBY RELEASES LESSOR AND LESSOR’S AGENTS FROM LIABILITY FOR LOSS OR
DAMAGE TO PROPERTY STORED IN OR TRANSPORTED TO OR FROM TENANT’S SPACE--REGARDLESS
WHO OWNS SUCH PROPERTY AND REGARDLESS WHETHER THE LOSS OR DAMAGE IS CAUSED BY
FIRE, SMOKE, DUST, WATER, WEATHER, INSECTS, VERMIN, EXPLOSION, UTILITY
INTERRUPTION, EQUIPMENT MALFUNCTION, UNEXPLAINED DISAPPEARANCE, NEGLIGENCE OF
LESSOR OR LESSOR’S AGENTS, THEFT BY OTHERS, OR ANY OTHER CAUSE.

 

Appellees
contend that appellant has waived reliance on this provision by failing to
plead release as an affirmative defense and failing to present it to the trial
court for consideration.  We agree.

       Rule 94 of the Texas Rules of Civil Procedure requires that all
matters constituting an avoidance or affirmative defense must be pleaded.   Land
Title Co. of Dallas, Inc. v. F. M. Stigler, Inc.,  609 S.W.2d 754,
756 (Tex. 1980).  The purpose of Rule 94 is to give the opposing party
notice of the defensive issues to be tried.  Id.  Release is one of the
affirmative defenses listed in Rule 94.  All affirmative defenses are waived when the defendant files only a general
denial, and absent trial by consent, failure to plead
matters of affirmative defense
precludes the defendant from asserting them. Bracton Corp. v. Evans Constr.
Co., 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no pet.). 


Appellant
asserts that the issue of release was tried by express or implied consent.  It
premises this contention on the fact that appellees relied on the contract in
prosecuting their claim.  It additionally relies on its trial counsel’s opening
statement wherein he stated that appellant intended to rely on “the entire
written agreement, every provision.”  We disagree with appellant’s contention
in this regard.  Appellant’s trial counsel never directed the district court’s
attention to the release provision.  To the contrary, appellant defended the
case on the theory that the written lease agreement did not apply to appellees’
claim arising from unit no. 38 because the written lease agreement only
pertained to unit no. 34 by its express terms.[3] 
Appellant’s trial counsel cited a merger clause contained in the written lease
agreement in support of its proposition that any oral understanding as to the
rental of unit no. 38 was nullified by the express terms of the written lease
agreement.  In the absence of any direct reference to the release provision at
trial, we conclude that the affirmative defense of release was not tried by
consent and that appellant waived reliance on the release provision as a limitation
of its liability.[4] 
Appellant’s first issue is overruled.  




 

Evidence of Presentment of Claim for Recovery of
Attorney’s Fees

Appellant
asserts in its second issue that there is either no evidence or insufficient
evidence that appellees presented their claim as required by Tex. Civ. Prac. & Rem. Code Ann. § 38.002
(Vernon 2008) in order to recover attorney’s fees on their contract claim.  We
disagree. It is well established that no particular form of presentment is
required.  Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981).  The word “present” has been defined to mean simply a demand or request for payment. 
See Jim Howe Homes, Inc. v. Rogers, 818 S.W.2d 901, 904 n.3 (Tex. App.—Austin
1991, no writ).  Pauling testified that he provided appellant with notice of
appellees’ claim for damages prior to filing  suit – in the form of a notice
letter from his attorney. This testimony constitutes evidence of presentment. 
Appellant’s second issue is overruled.

Finally,
appellees have included a request for this court to award them damages under Tex. R. App. P. 45 for a frivolous
appeal.  We decline appellees’ request for an award of damages under Rule 45.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

                                                                                    

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 12, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Burk
is the only person listed as a tenant on the written lease agreement at issue
in this appeal.  Burk and Pauling were living together at the time they rented
the unit, and the items that they planned to store belonged to Pauling. 
Pauling testified that Burk signed the lease agreement because Pauling had left
his identification at home.

 





                [2]The
notice of appeal names David Lilley as an appellant.  However, upon reviewing
the record, it does not appear that Lilley was actually a party to the case. 
He was a partner in Security Self Storage LLC.





                [3]In
some respects, appellant’s reliance on the release provision in this appeal is
inconsistent with its position at trial that the written lease agreement had no
application to appellees’ claims.  

 





                [4]In
light of our determination that appellant waived the defense of release, we
express no opinion as to whether or not the release provision contained in the
written lease agreement barred appellees’ claims.