CANINE, INC., Appellant/Cross–
Appellee

v.

Kathy GOLLA, Appellee/Cross–
Appellant.

No. 05–10–00221–CV.

Court of Appeals of Texas,
Dallas.

July 9, 2012.

Rehearing Overruled Oct. 29, 2012.

Donald Wayne Shelton, Daniel R. McCabe, Carl J. Wilkerson, The Bush Firm, P.C., Arlington, TX, for Appellant/Cross–Appellee.

Rodney R. Elkins, Rodney R. Elkins & Co., Dallas, TX, for Appellee/Cross–Appellant.

Before Justices BRIDGES, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice BRIDGES.

Appellant/Cross–Appellee, Canine, Inc. appeals from a judgment, following a jury verdict, in favor of appellee Kathy Golla.

In three issues, Canine complains the trial court erred: (1) by assessing $4,000.00 in sanctions against it; (2) by awarding Golla $750.00 for "future damages;" and (3) by awarding Golla $35,000.00 for attorney's fees. Golla, as appellee and cross-appellant, raises four issues, arguing the trial court erred: (1) in imposing $1,200.00 in sanctions against her; (2) in failing to grant judgment in the amount of the value of counsel's services; (3) in failing to grant judgment in the amount of the testified value of counsel's appellate legal services; and (4) in failing to include the costs established by Golla's counsel in the judgment. We affirm in part and reverse and render in part.

## BACKGROUND

In July 2003, Golla received a miniature schnauzer puppy ("Bo") as a gift from her long-time attorney, Rodney Elkins. Over the course of the following year, Bo engaged in "play biting," snapped at children, and bit a Federal Express delivery man in the thigh. A Carrollton animal control official quarantined Bo for a period of time and advised Golla that the City of Carrollton had the right to euthanize Bo if he bit anyone again. When Golla asked the official for a recommendation for training, the official recommended Man's Best Friend[1] for Bo.

After evaluating the website for Man's Best Friend, Golla scheduled an appointment with its Carrollton facility. She toured the facility and signed Canine's obedience training agreement on November 9, 2004. The next day, Golla dropped Bo off at the facility for a two-week boarding/training period to be followed by unlimited lessons. Pursuant to Canine's policy, Bo received a vaccination for Bordatella virus ("kennel cough") prior to his

---

1. Canine did business under the name, "Man's Best Friend."

admission to the facility. Other than Bo's initial failure to eat and slight weight loss, the two-week stay at Canine's facility passed without incident.

On November 24, 2004, Golla returned to the facility to retrieve Bo. At that time, Bo's trainer visited with Golla and showed her the results of Bo's initial training. Golla paid Canine $1,114.07 for its services, signed its paperwork, and took Bo home.

After Golla arrived home, she noticed Bo's symptoms: mucus coming from his nose; matted, watery eyes; lethargy and listlessness; and gurgling stomach. After 15–20 minutes, Golla thought something was wrong with Bo and picked him up to take him outside. There, she noticed he had "diarrhea and this bloody mucusy stuff." She took him to a nearby emergency veterinary clinic, which diagnosed Bo as having tracheobronchitis and hemorrhagic gastroenteritis with fever. The record includes two veterinary bills from North Texas Emergency Pet Clinic for those visits, totaling $1,147.19.

While Bo was in the emergency clinic, Golla called Canine and left a message advising of Bo's illness and demanding that someone be held responsible. Bo recovered, and Golla filed suit against Canine, seeking a maximum award of $250,000.00.[2]

During a pre-trial hearing, the trial court awarded Golla $4,000.00 as sanctions against Canine.[3] Following a trial by jury, the jury awarded Golla actual damages, totaling $4,225.33.[4] The jury also awarded Golla $750.00 in future damages and $35,000.00 in attorney's fees. The trial court entered its judgment in favor of Golla and ordered her recovery of damages for Canine's breach of contract.

On appeal, Canine challenges the $4,000.00 sanctions against it and only that part of the judgment awarding Golla $750.00 in future damages and $35,000.00 in attorney's fees. Canine does not appeal the award of actual damages. Golla, on the other hand, challenges the $1,200.00 sanctions awarded against her[5] and argues the trial court failed to include her other costs of legal services in the judgment.

### ANALYSIS

### I. Canine's Appeal

In three issues, Canine complains the trial court erred: (1) by assessing $4,000.00 in sanctions against it; (2) by awarding Golla $750.00 for "future damages;" and (3) by awarding Golla $35,000.00 for attorney's fees.

### A. Attorney's Fees

▮ We begin our analysis with Canine's third issue, contesting the award of $35,000.00 in attorney's fees to Golla. The

---

2. In her fifth amended petition, Golla states, "solely for the purposes of meeting the special exception of the Corporation seeking a statement of the maximum amount sought herein, Plaintiff pleads that the maximum amount sought is $250,000.00."

3. Golla moved for sanctions against Canine, alleging discovery abuses and its negative "pattern of conduct, especially as it impacts preparation for trial."

4. Specifically, the jury awarded Golla $1,414.07 for the difference in the value of the training and boarding services received and as represented; $914.07 for the price paid for the training and boarding services and the value of services actually received; and $1,897.19 for the reasonable and necessary expenses incurred by Golla.

5. Canine moved for sanctions against Golla, alleging discovery abuse in changing her answers (by correcting her deposition) and giving incomplete answers to certain deposition questions.

standard of review of a trial court's award of attorney's fees is abuse of discretion. *Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 592 (Tex.1996). Attorney's fees may not be recovered from an opposing party unless provided for by statute or contract between the parties. *Id.* at 593. The authorization of attorney's fees in civil cases may not be inferred; rather it "must be provided for by the express terms of the statute in question." *First City Bank–Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex.1984).

■■■ In this case, Golla sought her attorney's fees pursuant to chapter 38. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (West 2012). To recover attorney's fees under this chapter: (1) the claimant must be represented by an attorney; (2) the claimant *must present the claim* to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented. *See id.* at § 38.002 (emphasis added). The purpose of the presentment requirement is to allow the person against whom a claim is asserted an opportunity to pay within thirty days of receiving notice of the claim, without incurring an obligation for attorney's fees. *See Llanes v. Davila,* 133 S.W.3d 635, 641 (Tex.App.-Corpus Christi 2003, pet. denied); *Tawadrous v. Bata,* No. 05–00–02113–CV, 2002 WL 1340293, at *4 (Tex. App.-Dallas June 20, 2002, pet. denied) (not designated for publication) (citing *Carr v. Austin Forty,* 744 S.W.2d 267, 271 (Tex.App.-Austin 1987, writ denied)). Although no particular form of presentment is required, the word "present" has been defined to mean a demand or request for payment. *See Grace v. Duke,* 54 S.W.3d 338, 344 (Tex.App.-Austin 2001, pet. denied); *Jim Howe Homes, Inc. v. Rogers,* 818 S.W.2d 901, 905 n. 3 (Tex.App.-Austin 1991, no writ). When, as here, the defendant has argued no formal written demand letter exists, we must examine the facts and determine whether the claim was adequately presented. *See Testarossa Motors, Inc. v. Tinsley,* No. 04–06–00350–CV, 2007 WL 120649, at *2 (Tex.App.-San Antonio Jan. 19, 2007, no pet.) (mem. op.) (not designated for publication).

■■■ In order to recover attorney's fees, Golla had the burden to plead and prove that she made presentment of the claim to Canine. *See Jim Howe Homes,* 818 S.W.2d at 904. We first note that during the course of oral argument, Golla's counsel conceded, and we agree, that Golla's telephone call to Canine [6] was not presentment of her claim.

■■■ As evidence of her presentment, Golla points us to the testimony of her counsel during trial. Specifically, she argues her counsel "testified that he presented Golla's breach of contract claim to Canine's counsel who had been recently substituted into the case at that time." We note, however, that the record reveals that this alleged conversation took place *after* Golla filed suit against Canine. Because the lawsuit was already ongoing, such a conversation would not have allowed Canine an opportunity to pay within thirty days of receiving notice of the claim without incurring an obligation for attorney's fees. *See Llanes,* 133 S.W.3d at 641. Therefore, the conversation could not have served the purpose of presentment. We conclude the testimony of Golla's counsel regarding a conversation that took place

---

6. While Bo was in the emergency clinic, Golla left a message advising of Bo's illness and demanding that someone be held responsible.

with Canine's counsel *after* the filing of the lawsuit is not presentment. *See id. See also Jim Howe Homes*, 818 S.W.2d at 904 ("Neither the filing of a suit nor the allegation of a demand in the pleadings, can, without more, constitute presentment of a claim.").

As evidence of presentment, Golla next refers this Court to a November 25, 2008 hearing on discovery motions in which Canine's counsel acknowledged that, after a failed mediation, "what was being expected and what was reasonable under the circumstances are two different issues." Golla further refers us to the same hearing and her counsel's statement that he had tried to get the case set for mediation "in order to avoid spending any time, talent, and effort on this case because of the nature of the amount of damages that were sought." Golla argues that "[e]ach of these statements indicates knowledge of Golla's claim." Although we agree these statements may provide some evidence Canine was aware of Golla's claims following a failed mediation, these statements were again made *after* Golla filed suit. Without serving the purpose of presentment, we conclude these statements are not evidence of presentment as required under chapter 38. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.002(2); *Llanes*, 133 S.W.3d at 641.

Because Golla has failed to supply evidence of presentment pursuant to chapter 38, we conclude the trial court abused its discretion in awarding attorney's fees to Golla. *See Travelers*, 923 S.W.2d at 592. *See also Mullins v. Mullins*, 889 S.W.2d 550, 555 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex.App.-Austin 1992, no pet.); *Jim Howe Homes*, 818 S.W.2d at 905. We, therefore, affirm Canine's third issue on appeal and reverse that part of the judgment which awards attorney's fees to Golla.

### B. Sanctions

In its first issue, Canine contends the trial court erred by assessing $4,000.00 in sanctions against it. As we have already noted, the trial court awarded the sum after Golla moved for sanctions against Canine, alleging discovery abuses and its negative "pattern of conduct, especially as it impacts preparation for trial."

To preserve a complaint for appellate review, a party must have presented a request, objection, or motion to the trial court stating specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a)(1). The record before us, however, reflects no objection was made to the trial court. Furthermore, Canine acknowledges in his brief that "through its prior counsel, [Canine] paid that sanction to [Golla's] counsel on Dec. 7, 2008." By failing to raise the complaint now presented, the trial court had no opportunity to consider and rule on its complaint. *See Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 817 (Tex.App.-Houston [1st Dist.] 2008, no pet.); *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex.App.-Dallas 2003, pet. denied); *Kiefer v. Cont'l Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex.App.-Houston [1st Dist.] 1996, no writ). We, therefore, conclude Canine waived the challenge presented on appeal to the $4,000.00 sanction and overrule its first issue. *See Birnbaum*, 120 S.W.3d at 476.

### C. Future Damages

In its second issue, Canine complains the trial court erred by awarding Golla $750.00 for "future damages." Specifically, Canine argues "[b]ased on the jury's answer to Question Eight, part D, of the jury charge, the trial court wrongly

awarded [Golla] $750.00 in 'future damages.'" In support of its argument that an award of future damages were improper, Canine contends Golla was only entitled to recover damages for the dog's loss of value, not future damages.

Question Eight, of which Canine now complains, reads, in pertinent part, as follows:

> What sum of money, if any, if paid now in cash, would fairly and reasonably compensate [Golla] for the damages, if any, she suffered as a result of [Canine's] failure to comply with the Agreement?
>
> . . .
>
> A.  Reasonable and necessary expenses likely to be incurred by [Golla] in the future.

Answer: 750

We note that any complaint to a jury charge is waived unless specifically included in an objection. TEX.R. CIV. P. 274; Tex.R.App. P. 33.1(a)(1); *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex.2003). A party must make the trial court aware of the complaint, timely and plainly, and obtain a ruling. *In re B.L.D.*, 113 S.W.3d at 349; *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (op. on reh'g). Here, however, the record reveals Canine failed to object to any part of Question 8 of the charge to the trial court. Accordingly, we conclude Canine's charge complaint is waived and overrule its second issue. *See Fish v. Dallas Indep. School Dist.* 170 S.W.3d 226, 230 (Tex. App.-Dallas 2005, pet. denied).

## II.  Golla's Cross–Appeal

Golla, as cross-appellant, raises four issues, arguing the trial court erred: (1) in imposing $1,200.00 in sanctions against her; (2) in failing to grant judgment in the amount of the value of counsel's services; (3) in failing to grant judgment in the amount of the testified value of counsel's appellate legal services; and (4) in failing to include the costs established by Golla's counsel in the judgment.

### A.  Sanctions

In her first issue, Golla complains the trial court erred by imposing $1,200.00 in sanctions against her.[7]  As previously noted, the trial court awarded the sum after Canine moved for sanctions against Golla, alleging discovery abuse in changing her answers (by correcting her deposition) and giving incomplete answers to certain deposition questions. In its motion for sanctions, Canine argued that the "discovery abuse perpetrated by Golla and [her counsel] in her lawsuit against Canine, Inc. is particularly egregious because it involved a lawyer in concert with his client obscuring from discovery information over which the lawyer had specific and unique (possibly exclusive) knowledge." The thrust of its motion was that Golla and her lawyer obscured the dog's origin and only during her cross-examination at trial (following an extensive direct examination) did Golla admit that Bo was actually a gift from her lawyer.

In her brief on appeal, Golla argues the trial court abused its discretion by basing the sanctions on corrected answers, but imposing the monetary component on the duration of her deposition. In particular, Golla contends "[t]he corrections which were the basis of the sanction were related to questions asked from 10:46 a.m. to 10:50 a.m., less than five minutes of the six hours purportedly spent at deposition."

---

7.  The judgment of the trial court actually assesses the sanction jointly against Golla and her counsel, Rodney Elkins.  Mr. Elkins is not a party to this appeal and, thus, he does not appeal the sanction as awarded against him.

During the hearing on the motion for sanctions, the following exchange took place:

THE COURT: I don't think plaintiffs were straight here. I don't know how much damage it caused in the long run. I'm going to grant the motion for sanctions. I'm going to sanction jointly client and attorney for the amount of time for the deposition. How long was the deposition?

[CANINE'S COUNSEL]: Six hours.

THE COURT: Okay. $1,200 sanctions incorporated in the final judgment. . . .

We review a trial court's ruling on a motion for sanctions under an abuse of discretion standard. *See Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex.2004). In her brief, Golla contends the sanctions award did not comply with the requirements set forth in the *TransAmerican* opinion in that the sanctions did not have a direct nexus with the conduct and the amount of sanctions was excessive. *See Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882 (Tex.2003) (citing *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991)). We disagree.

■ We first turn to Golla's argument that the sanctions did not have a direct nexus with the offensive conduct. In order for the sanctions to have a direct nexus with the conduct, the sanctions must be directed against the abuse and toward remedying the prejudice caused the innocent party. *TransAmerican*, 811 S.W.2d at 917. Here, the source of the complaint was Golla's changed deposition testimony and her incomplete answers given therein. We conclude awarding Canine's attorney's fees for its attendance at the deposition has a direct nexus to the conduct involved. A direct nexus also requires the sanction to be visited upon the offender. *Id.* The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party

only, or to both. *Id.* We conclude the trial court did just that here, determining that the conduct was attributable to both Golla and her counsel. Therefore, there was a nexus between the sanctions and conduct at issue.

■ Having determined there was a direct nexus, we next turn to whether the amount of sanctions was excessive. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. Golla asserts in her brief that the trial court "did not believe that Canine was unduly prejudiced by the brevity" of her answers and, therefore, the award of sanctions was an abuse of discretion. To the contrary, at the conclusion of the hearing, the trial court stated, "I don't think plaintiffs were straight here. I don't know how much damage it caused in the long run." The trial court then awarded sanctions. Under the record before us, we agree with the trial court's decision and conclude the sanctions were not excessive. *See id.* The trial court did not abuse its discretion in awarding $1,200.00 to Canine. *See Cire*, 134 S.W.3d at 838. *See also Scott Bader, Inc.*, 248 S.W.3d at 817 (When attorney's fees are assessed as sanctions, no proof of necessity or reasonableness is required). We overrule Golla's first issue.

### B. Attorney's Fees

■ In its second and third issues, Golla contends the trial court erred by failing to grant judgment in the amount of the value of counsel's services and in the amount of the testified value of counsel's appellate legal services. Specifically, Golla argues that, in lieu of the $35,000.00 award for attorney's fees, she was entitled to receive the full testified value of her lawyer's fees: $213,000.00. In support of this number, her brief includes an exhibit, re-

flecting her attorney's time spent on the case, which totals 1,011.6 hours [8] for time spent through trial. In addition to attorney's fees through trial, she argues that she is also entitled to her appellate fees [9] in the amount of $25,000.00. However, because we have already concluded Golla failed to present her claim and that the trial court abused its discretion in awarding Golla attorney's fees in the amount of $35,000.00, we conclude Golla is not entitled to additional attorney's fees for trial or appeal. *See Mullins v. Mullins,* 889 S.W.2d 550, 555 (Tex.App.-Houston [14th Dist.] 1994, writ denied); *Sikes v. Zuloaga,* 830 S.W.2d 752, 754 (Tex.App.-Austin 1992, no pet.); *Jim Howe Homes,* 818 S.W.2d at 905. We overrule Golla's second and third issues.

### C. Costs

In her fourth issue, Golla argues the trial court erred in failing to include the costs established by Golla's counsel in the judgment. Here, the final judgment awards Golla "taxable court costs from [Canine] in accordance with Rules 129–31 of the Texas Rules of Civil Procedure." Golla asks this Court to modify or reform the judgment to include a provision of $5,800.00 as costs incurred in this case.

■■■ We review the award of costs under an abuse of discretion standard. *See Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 376 (Tex.2001). The general rule is that expenses incurred in prosecuting or defending a suit are not recoverable unless expressly provided for by statute, rule, or under principles of equity. *See*

*Gumpert v. ABF Freight System, Inc.,* 312 S.W.3d 237, 239 (Tex.App.-Dallas 2010, no pet.). Rule 131 provides that the successful party to a suit shall recover all costs incurred therein, except as otherwise provided. TEX.R. CIV. P. 131.

■■■ Here, Golla successfully prosecuted her case, and the trial court properly awarded Golla her costs "in accordance with Rules 129–31 of the Texas Rules of Civil Procedure." *See Christus Health v. Dorriety,* 345 S.W.3d 104, 117–18 (Tex. App.-Houston [14th Dist.] 2011, pet. denied). We, therefore, conclude the trial court did not abuse its discretion in its assessment of costs against Canine and overrule Golla's fourth issue. *See Furr's,* 53 S.W.3d at 376.

### CONCLUSION

Based upon the foregoing analysis, we reverse that part of the judgment which awards attorney's fees to Golla and render judgment that Golla take nothing for attorney's fees. In all other respects, we affirm the judgment of the trial court.

■■■

---

8. This total includes both attorney and law clerk time spent on the case.

9. The trial court's judgment did not specifically include an award of attorney's fees for the appeal of this case, but awarded a lump sum of $35,000.00 "for [Golla's] attorney's fees found reasonable and necessary by the jury." The jury limited its amount of $35,000.00 to fees for preparation and trial and answered "0" as to appellate attorney's fees.