# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2013

Lyle W. Cayce
Clerk

No. 12-40544

PLAYBOY ENTERPRISES, INC.,

Plaintiff-Appellee

v.

JAVIER SANCHEZ-CAMPUZANO, Individually and as agent of Grupo Siete S.A., Inc.;  SPORTS TIME, INC.;  GROUP SEVEN COMMUNICATIONS,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 07:01-CV-226

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Javier Sanchez-Campuzano, Sports Time, Inc., and Group Seven Communications argue on appeal that the district court improperly awarded attorney's fees to Appellee Playboy Enterprises, Inc. (PEI).  They contend that PEI failed to plead and prove presentment of its claim as required to recover fees under Chapter 38 of the Texas Civil Practices and Remedies Code.  Tex.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40544

Civ. Prac. & Rem. Code §38.002.[1]  They also argue that PEI failed to segregate fees and costs between claims under which attorney's fees are available and those under which they are not.  Finally, they assert that the evidence was insufficient to support the award.   The district court found that the requirements of Texas law were "procedural," found the proof satisfactory, and therefore granted PEI's motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d).  For the reasons that follow, we AFFIRM the judgment awarding attorney's fees.

## BACKGROUND

In 1996, PEI entered into a licensing agreement with Editorial Caballero, S.A. de C.V. (EC) and Grupo Siete International, Inc. (GSI) to publish and distribute Spanish language versions of *Playboy* magazine.  Before it entered into the licensing agreement, PEI required Grupo Siete S.A., EC's parent company, and Sports Time, Inc., GSI's parent company, along with those companies' principals Javier Sanchez-Campuzano (president of Grupo Siete S.A.) and Paul Siegel (chairman of Sports Time, Inc.), to guarantee performance of the agreement.[2]

---

[1] We reach this argument with some concern as there is only scant evidence that the issue was preserved for appeal.  It appears that the only mention of the presentment argument below was in the response to the motion for attorney's fees.  In the midst of an 8-page brief objecting to attorney's fees for a variety of reasons, only two sentences address the issue: "Nor did Plaintiff make a presentment of its claim, which is a prerequisite for an award of fees under Section 38.001.  Nor can Plaintiff show entitlement to fees by simply relying upon Federal Rule 54(d)—there must be a showing that recovery of fees is called for under the substantive law of the state which was not done here."  This conclusory statement left the district court with little basis upon which to consider the issue.  PEI has not argued that the issue was not properly preserved, and though we determine our own standard of review, PEI's failure to raise the argument is one of the factors we considered in deciding to reach the issue.

[2] These makers and principals will be hereinafter referred to collectively as the "Guarantors."

No. 12-40544

EC and GSI eventually breached the licensing agreement and PEI brought an action in state court for damages. After two trials, a jury returned a verdict in favor of PEI, finding that EC had breached the licensing agreement and committed fraud. In 2001, PEI sued the Guarantors in federal district court to collect the state court judgment and to enforce the guaranty provision in the contract. The litigation continued until May 2009, when PEI moved for partial summary judgment. The district court granted the motion and the judgment was affirmed by this court earlier this year. *Playboy Enters., Inc. v. Sanchez-Campuzano*, 519 F. App'x 219 (5th Cir.) (unpublished) *cert. denied*, 13-67, 2013 WL 3489677 (U.S. Oct. 7, 2013). In April 2012, the district court awarded PEI attorney's fees in the amount of $231,554 and costs in the amount of $1,554.90. The court awarded less than the full amount of fees requested based on its conclusion that the firms involved in the litigation had engaged in duplicative work and billed at rates that were higher than was customary in the geographical area.

The Guarantors timely appealed the district court's award of attorney's fees, raising the same issues argued before the district court.[3]

**STANDARD OF REVIEW**

In this diversity case, we apply state substantive law, but federal procedural law. *DP Solutions Inc. v. Rollins, Inc.,* 353 F.3d 421, 427 (5th Cir. 2003). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Walker Int'l Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 415 (5th Cir. 2005) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

---

[3] Sanchez-Campuzano in his individual capacity, Sports Time, Inc., and Group Seven Communications (the successor company to Sports Time, Inc.), remain as the only Guarantors appealing the attorney's fee award.

No. 12-40544

The Texas Supreme Court has stated that the availability of attorney's fees under a particular statute is a question of law subject to de novo review. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). We review the award of attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code for abuse of discretion. *American Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 341 (5th Cir. 2008).

## DISCUSSION

### 1. Applicable Law.

The district court concluded that the requirements found in §38.002 were satisfied by PEI's presentation of its claim through Rule 54(d). The court did not address the Texas statute's requirement of presentment.

State laws that provide for attorney's fees in diversity cases are substantive. *United States for Use of Garret v. Midwest Const. Co.*, 619 F.2d 349, 353 (5th Cir. 1980) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612 (1975)). It is undisputed that §38.001 is substantive. PEI argues, however, that the presentment and pleading requirements in §38.002 are procedural. This court addressed an identical argument in an unpublished case styled *Partners Lending Auto Group, L.L.C. v. Leedom Financial Services, L.L.C.*, 432 Fed. App'x. 291 (5th Cir. 2011) (unpublished). *Partners Lending* identified pleading and proving presentment as two separate elements. The court concluded that pleading is procedural and should be governed by the federal pleading standards, but proof of presentment is a substantive requirement of Texas law.

*Partners Lending* is not precedential, but we find its conclusion persuasive. Pleading standards are procedural and are governed by federal law. *See Hanna v. Plumer*, 380 U.S. 460, 465, 85 S. Ct. 1136 (1965) (applying federal rule for service of process in a diversity suit); *Foradori v. Harris*,

4

No. 12-40544

523 F.3d 477, 486 (5th Cir. 2008).  Accordingly, PEI was not required to plead presentment in order to qualify for attorney's fees.

With regard to the presentment requirement, however, the Texas Supreme Court has stated a purpose rooted in public policy: "The purpose of the requirement of presentment is to enable the debtor to pay the claim within the thirty days and avoid liability for attorney's fees." *Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.*, 661 S.W.2d 933, 936 (Tex. 1983).  Given this purpose to avert litigation and the accrual of attorney's fees, a claimant's failure to present a demand before filing a suit affects a prospective defendant's substantive rights.  Thus, proof of presentment of the claim is a substantive prerequisite to the recovery of attorney's fees under §38.001.

**2.     Satisfaction of the Presentment Requirement.**

PEI argues that it satisfied the presentment requirement with: (1) the First Amended Complaint, (2) The Second Amended Complaint, (3) a "notice of default" letter mailed to Sanchez-Campuzano and dated January 23, 1998, and (4) a "notice of termination" letter also mailed to Sanchez-Campuzano and dated January 29, 1998.  PEI also argues that its unsuccessful attempt to litigate the guarantor issues in state court satisfied the presentment requirement.

"No particular form of presentment is required" under Texas law, and Texas courts have found informal written and oral demands sufficient.  *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981).  "All that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 224 S.W.3d 369, 387 (Tex. App.-Houston [1st. Dist.] 2006).  Noting the lack of formal requirements, PEI argues that the Guarantors were on notice of the debt because of

5

communications related to the underlying state court litigation and therefore the purpose of presentment was fulfilled. PEI's argument is appealing, as the facts of this case leave little doubt that the Guarantors were aware of the claim and had years of opportunity to pay it before attorney's fees accrued. But the Guarantors argue that PEI's argument is foreclosed by Texas law.

In *Jim Howe Homes, Inc., v. Rodgers*, the Texas Court of Appeals considered a breach of contract claim by an employee against her former employer. 818 S.W.2d 901, 902 (Tex. App.-Austin 1991, no writ). The employee alleged that the employer had withheld commissions from sales contracts that she negotiated before her departure in a suit under Texas's Deceptive Trade Practices Act (DPTA). *Id*. Because the employee was not a "consumer" within the meaning of the Act, that suit was dismissed. *Id*. The employee brought a subsequent action under several common law theories including breach of contract. *Id*. Following a jury trial, the employee was awarded compensatory damages and attorney's fees under §38.002. *Id*. The employer appealed the award of attorney's fees on the ground that the employee had not properly presented the claim before initiating the litigation. *Id*. at 904. The employee responded that the employer had actual notice of the claim because it was the defendant in the previous lawsuit which, though pursued under a different theory, alleged the same factual basis. *Id*. at 904 n. 3. The court rejected her position, stating: "We do not believe . . . that a demand letter in one suit qualifies as a presentment of a claim in a subsequent suit. Nor does the actual filing of one suit constitute presentment for the purposes of a later suit." *Id*.

In light of Texas courts' generally flexible, practical understanding of presentment, we do not read *Jim Howe Homes* as foreclosing PEI's assertion of presentment. To begin, the evidence to which PEI points goes beyond the pleadings in the state court case. On January 23, 1998, PEI sent a notice of

default to Sanchez-Campuzano.  The letter was captioned "RE: <u>NOTICE OF DEFAULT</u>" and explained that EC had defaulted on its agreement with PEI. Payment was demanded within five days, and when that payment was not received, a second letter, captioned "<u>RE: NOTICE OF TERMINATION</u>" was sent on January 29.  The Guarantors argue that these letters presented only the underlying claims against EC, and are not sufficient for presentment of the guarantor claims in this suit.  We disagree.

The contract to which the demand letters refer is the same instrument that gives rise to the guarantors' obligations to EC.  *Jim Howe Homes* held that a demand letter in a commercial tort suit under the DTPA did not constitute presentment in a later suit founded on a contract claim.

Here, there is no distinction between the two claims.  The demand letters sent to Sanchez-Campuzano informed him that the contract was in breach. One of the results of that breach, as Sanchez-Campuzano surely knew, was guarantor liability.  Presentment of the claim against the Guarantors was implicit in the presentment of the claim against EC. The Guarantors were properly notified of the potential claim against them and had the opportunity to satisfy that claim before attorney's fees accrued, thus accomplishing the purposes of presentment.  *See Ashford Dev., Inc.*, 661 S.W.2d at 963.

Additionally, PEI's attorney Dana Allison stated in her affidavit that in the state case PEI "attempted to pursue [its] claims regarding the Guarantee Agreement" and "filed the [federal] Guarantee Case in September 2001 seeking to compel defendants' compliance with the Guarantee Agreement when Editorial Caballero breached the License Agreement with PEI."  PEI served process on Sanchez-Campuzano, made disclosures, and defended against dispositive motions in the guarantee case.  In 2002, the guarantee case was abated while the state court judgment was appealed and then taken up again

in 2008. This undisputed procedural history demonstrates that the guarantee issue was pending in some form or another among the parties for years before the instant case was initiated.

There is sufficient evidence to support presentment under §38.002 of the Texas Civil Procedures and Remedies Code. Because PEI met the requirements of Texas law, the district court's failure to apply the presentment requirement is harmless.

## 3. Segregation of Claims.

Under Texas law, a plaintiff can only recover attorney's fees "on a claim which allows recovery of such fees." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). The Guarantors argue that among PEI's claims was a tort claim for which attorney's fees were not available and that PEI failed to properly segregate its attorney's fees. They also argue that PEI cannot collect attorney's fees for work pursuing claims that were ultimately not successful.

PEI argues that segregation was unnecessary because it never pursued any tort claims and because the unsuccessful claims against some defendants were so interrelated with the successful claims that the prosecution of those claims would have required proof of the same facts. In *Stewart* the Texas Supreme Court created an inseparable claims exception that would appear to apply in this case. 822 S.W.2d at 11 ("Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims.) (internal quotation marks and citation omitted)). But in *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006), the Texas Supreme Court narrowed the inseparable claims exception, holding that "[i]ntertwined facts

do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 313-14.

Applying *Chapa* to these facts does not require reversal, however. The district court, far more familiar with the progress of the litigation than we are, reasonably found no specific distinction among the claims, much less between recoverable and nonrecoverable claims, requiring segregation. The court did not abuse its discretion.

## 4.    **Sufficiency of the Evidence.**

A trial court's award of attorney's fees based on a breach of contract in Texas is reviewed for an abuse of discretion. *Laje v. R.E. Thomason Gen. Hosp.*, 665 F.2d 724, 730 (5th Cir. 1982). However, any "findings of fact regarding the reasonableness of attorney's fee awards are reviewed for clear error." *American Rice, Inc.*, 518 F.3d at 341.

The district court applied the multifactor test and extensively adjusted PEI's counsels' rates and hours recoverable. *See Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). PEI requested $432,656.50 but only received $231,554 based on the district court's conclusion that some of the work was duplicative and the billing rates were too high. The district court also addressed PEI's arguments regarding the production of invoices, properly concluding that Texas law does not require production of billing records to recover attorney's fees. *See Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 692 (Tex. App.-Houston [14th Dist.] 2004, no pet.). Finally, it found no merit in the Guarantors' argument that the firms representing PEI should be bound by their previous lower estimate of their own attorney's fees. The district court's award of attorney's fees was reasonable and based upon sufficient evidence.

No. 12-40544

## CONCLUSION

For these reasons, the judgment awarding attorney's fees is AFFIRMED.